## T. S. JOHNS v. JACOB SCHMIDT.

32 383
54 357

1. PETITION — *Averments Authorizing Introduction of Evidence.* Where a petition alleges that the plaintiff is the owner and in the possession of real estate — fully describing it; that the defendant unlawfully entered upon the said premises and dug out one hundred and fifty growing trees of the value of two hundred and fifty dollars; that he took and carried them away; that he converted them to his own use; that he severed from a building upon said realty, stones, lumber, boards, hardware, etc., the property of plaintiff, of the value of fifty dollars; that he took and carried the same away and converted the same to his own use, to the damage of plaintiff in the sum of three hundred dollars, a *prima facie* case is made out by the petition, and the averments are sufficient to authorize the plaintiff to introduce evidence to establish the same.

2. RES ADJUDICATA, *When Not Applicable.* Where a temporary injunction was granted at the time of the commencement of an action, and before the case was called for trial a motion to vacate the injunction was heard and sustained by the district judge at chambers, upon affidavits only, the principle of *res adjudicata* does not apply to prevent the court from hearing and trying the whole case upon the issues joined by the pleadings, when it is called for trial in regular form.

*Error from Edwards District Court.*

JUNE 5, 1883, the plaintiff *T. S. Johns* filed the following amended petition (omitting court and title) in the district court of Edwards county, against *Jacob Schmidt* :

" The said plaintiff, T. S. Johns, alleges that he is the owner of and in possession of the following lands, tenements and hereditaments, in the county of Edwards, state of Kansas, to wit : The northeast quarter of section five, township twenty-five south, of range nineteen, west of the sixth principal meridian ; and for his cause of action plaintiff alleges that the said Jacob Schmidt, at divers times in the year 1883, before the commencement of this action, unlawfully entered upon said land, the property of the plaintiff, and dug out of the same one hundred and fifty growing trees of the value of two hundred and fifty dollars, and took and carried the same away and converted them to his own use ; and then and there severed from a building composing a portion of said realty, stones, lumber, boards, hardware, etc., a part of said realty and the property of the plaintiff, of the value of fifty dollars, and took

and carried said material away and converted the same to his own use, to the damage of the plaintiff in the sum of three hundred dollars.

"Plaintiff alleges further, that the defendant now threatens to tear down said building and carry away all the material of which it is constructed, and will do so unless restrained.

"Wherefore, plaintiff prays that the defendant may be perpetually enjoined from interfering with said building in any way; and plaintiff prays that he may have judgment against the defendant for the sum of three hundred dollars, his damages so as aforesaid sustained, and for his costs."

At the beginning of the action, a temporary injunction was granted by N. L. Humphrey, probate judge of Edwards county. Subsequently, plaintiff was notified that a motion to vacate the injunction would be heard before Strang, J., at his chambers at Larned, on June 9, 1883, at 10 o'clock of that day. In accordance with the notice, the motion to vacate the judgment came on for hearing before the district judge, upon affidavits filed by the parties. The judge dissolved the temporary injunction granted by the probate judge, upon the ground that the property in controversy was the personal property of the defendant, Jacob Schmidt. On June 28, 1883, the defendant filed his answer to the amended petition, which consisted of a general denial. At the June term of the court for 1884, and on the 24th of June, the case was called for trial; all the parties announced themselves ready for trial; a jury was duly called and impaneled; thereupon the plaintiff offered J. E. Crane and other witnesses to testify in his behalf upon the issues joined. The defendant objected to the introduction of any testimony by the plaintiff, and the court, after hearing the argument thereon, sustained the objection. The court then dismissed the action, and adjudged that the defendant recover his costs, taxed at $51.25. To the rulings and judgment of the court the plaintiff excepted, and brings the case here.

*Taylor Flick*, for plaintiff in error.

*Nelson Adams*, and *J. E. McArthur*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J. : The amended petition, among other things, alleged that the plaintiff is the owner and in the possession of the real estate therein described; that the defendant unlawfully entered upon the said premises; that he dug therefrom 150 growing trees of the value of $250 ; that he took and carried them away; that he converted them to his own use ; that he severed from a building upon said realty, stones, lumber, boards, hardware, etc., the property of the plaintiff, of the value of $50 ; that he took and carried the same away, and that he converted the same to his own use, to the damage of the plaintiff in the sum of $300. The plaintiff therefore made out a *prima facie* case by his petition, and the averments are sufficient to authorize him to introduce evidence to establish the same.

It is contended, however, on the part of the defendant, that upon the hearing of a motion to dissolve the temporary injunction granted at the commencement of the action, the court found that the property in dispute was personal property and belonged to the defendant, and that as the finding and order of the district judge at chambers were never appealed from, the principles of *res adjudicata* applies, which prevents the matter in the petition from being twice litigated. In this, counsel representing the defendant are mistaken. In the first place, the district judge has considerable discretion in vacating temporary injunctions, and when the reasons urged for and against the injunction are very nearly equally balanced, the order vacating cannot be reversed unless it can be said that the district judge abused his discretion. (*Wood v. Millspaugh,* 15 Kas. 14.)

Further, the motion to vacate the temporary injunction was heard upon affidavits only, and the principle of *res adjudicata* does not apply to mere interlocutory motions of this kind so as to make a decision rendered thereon conclusive between the parties when the case is called for trial upon its merits. As the plaintiff's petition states a good cause of action, and one

25 — 32 KAS.

upon which a judgment can be rendered, he is entitled to a trial in the district court of the county where it was filed, and upon testimony in his behalf of the witnesses produced by him in court. Testimony on paper is not like testimony from the lips; and *ex parte* affidavits are not as safe and satisfactory testimony upon which to dispose of a case as depositions. The affidavits heard upon the motion to vacate the temporary injunction necessarily refer to the allegations of the petition; but the inquiry in which they were used was incidental only to the matters examined, and not a full trial of the case. For these and many other reasons, the order dissolving the temporary injunction made at chambers did not prevent the court from hearing and trying the whole case upon the issues joined by the pleadings, when it was called for trial in regular form.

We cannot consider at this time the transcript of the action of Jacob Schmidt *v.* T. S. Johns, filed in this court September 3, 1884, because it is no part of the record of the case before us. It has not been made a part of the transcript by any proceeding in the district court or in this court, and it must therefore be wholly disregarded.

Again, this proceeding cannot be dismissed on account of the absence of the original petition. The amended petition has been substituted for the original petition, and takes its place. The answer of the defendant is to the amended and not to the original petition.

The judgment of the district court dismissing the action will be reversed, and the cause remanded for trial in accordance with the views herein expressed.

All the Justices concurring.