THE STATE OF KANSAS, *ex rel. Wm. A. Pierce*, v. THE BOARD OF COMMISSIONERS OF WABAUNSEE COUNTY, *et al.*

1. ELECTION RETURNS; *Injunction, Not Maintained.* Where a private individual brought an action in the name of the state on his relation, to perpetually enjoin a canvassing board from canvassing the election returns of an election held to authorize a subscription to the capital stock of a railroad company, and to issue bonds in payment therefor, and such private individual has no interest in the subject-matter of the action different in kind from that of the public in general, *held*, that the action cannot be maintained, although the relator may be a resident, a tax-payer, and an elector.

2. ———— *No Error.* And in such an action, where a temporary injunction had been granted, *held*, that the court did not err in dissolving the temporary injunction and in dismissing the action.

3. ———— *Statute, not Applicable.* Article 7, chapter 36, page 405 of the Compiled Laws of 1879, relating to the contests of elections, construed, and *held* not to apply to the present action.

*Error from Wabaunsee District Court.*

THE opinion states the nature of the action, and the material facts. The relator, *Pierce*, brings the case here.

*Green & Hessin*, for plaintiff in error.

*Overmyer & Safford*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced in the district court of Wabaunsee county on September 9, 1886, in the name of the state of Kansas, on the relation of William A. Pierce, a resident, tax-payer and elector of the township of Maple Hill, in said county, against the board of county commissioners and the county clerk of said county, to perpetually enjoin them from canvassing the election returns of an election held in said township on September 6, 1886, to authorize a subscription for the township to the capital stock of the Chicago, Kansas & Nebraska Railway Company to the amount of $27,000, and to authorize the issuance of the

the bonds of said township to an amount equal to the amount of the stock issued and in payment therefor. A temporary injunction was allowed, but afterward the defendants moved to dissolve the same upon the ground that the petition of the plaintiff did not state facts sufficient to entitle him to an injunction or a temporary restraining order; and also upon the ground that the relator, William A. Pierce, had no legal capacity to maintain the suit, either as relator for the state or as an individual. Upon the hearing of this motion, which was upon the facts set forth in the petition alone, the court sustained the motion, and dismissed the plaintiff's action at the costs of the relator. To reverse these rulings of the district court, the relator, in the name of the state of Kansas and as relator, brings the case to this court.

It seems to be admitted that this action cannot be maintained, nor any relief granted therein, unless the same can be done under chapter 36, article 7, page 405, of the Compiled Laws of 1879; and this for the reason that the relator in the present case is not a public officer, but only a private citizen, and that the supposed injury which he wishes to have restrained is not different in kind from that which will be sustained by the public generally, if the acts which the relator fears, and which he wishes to have restrained, should ever take place. (See *Nixon v. School District*, 32 Kas. 510, 511, 512, and the cases there cited.) The title to the above-mentioned act reads as follows:

"An act providing for contesting county-seat elections, and all elections other than those held for choosing public officers, and to repeal chapter twenty-seven of the Laws of 1869."

Sections 1 and 5 of said act read as follows:

"SECTION 1. Whenever any elector or electors of any county, township, or municipal corporation in this state, shall consider himself or themselves aggrieved by the result of any election hereafter held for removing, locating, establishing, or re-locating, the county seat of such county, or upon the question of issuing the bonds or loaning the credit of said county, township, or municipal corporation, or for the sale or transfer of any stock or other property owned or held by said

county, township, or municipal corporation, as said result may have been or shall be declared by the proper board of canvassers, or if any such elector or electors shall consider himself or themselves aggrieved by the failure or refusal of any board of canvassers to canvass the votes returned from any precinct or precincts, as having been cast at any election held for any or either of the purposes hereinbefore named, such election may be contested in the district court of the proper county, as hereinafter provided."

"SEC. 5. Whenever, after any election held for any purpose mentioned in the first section of this act, the board of canvassers shall declare any town, city or place to have received a majority of the votes cast for the county seat, or that any question or proposition voted upon at such election to have been adopted, any elector or electors of the proper county, township or municipal corporation, who may be aggrieved thereby, may commence an action in the district court of the proper county to perpetually enjoin any county officer from moving his office to the city, township or place so by said board declared to be the county seat, or to enjoin and restrain the proper officer or officers of such county, township or municipal corporation from executing, issuing or delivering any bond or bonds, certificate or certificates, evidencing or importing any debt or liability or promise to pay of such county, township or municipal corporation, or from subscribing any stock for or from loaning the credit of such county, township or municipal corporation, or from selling or transferring any stock or other property of such county, township, or municipal corporation."

These are the only portions of the above-mentioned act which need to be quoted for the purposes of this case.

Does this act authorize this action? We think not. For the purposes of this case the foregoing sections of the statute may be abridged as follows:

"SECTION 1. Any elector . . aggrieved by the result of any election . . as said result may have been or shall be declared by the proper board of canvassers, . . such election may be contested . . as hereinafter provided."

"SEC. 5. Whenever, after any election, . . the board of canvassers shall declare . . any question or proposition voted upon at such election to have been adopted, any elector . . aggrieved thereby may commence an action . . to

enjoin and restrain the proper officer or officers . . from executing, issuing or delivering any bond or bonds, . . or from subscribing any stock for, or from loaning the credit of, such county, township, or municipal corporation," etc.

It will be seen from the title to the above-mentioned act that it was intended by the act to provide only for "*contesting*" elections. The body of the act also shows the same thing. Section 1 of the act provides that when the "result may have been or shall be declared by the proper board of canvassers," "such election may be contested," *as is subsequently provided in the act,* the language of this portion of the act being in these words, "as hereinafter provided." Section 5, above quoted, provides how the elections mentioned in this act may be contested, and it is the only section which provides for an injunction in elections similar to the one in question, and it provides for an injunction only *after* the election, and when the "board of canvassers shall declare" the "proposition voted upon at such election to have been adopted." There is no provision anywhere in the act that authorizes an injunction to restrain the board of canvassers from canvassing the election returns, or from declaring the result of the election. Under this act an injunction can be allowed only after the election, after the canvass, and only after the result has been declared; and in such elections as the one in this case it can be allowed only to restrain the officers from subscribing for stock, or from executing, issuing or delivering bonds, or from loaning the credit of their county, township, or municipal corporation. Clearly, the court below did not err in dissolving the temporary injunction. There is nothing in the case of *Sabin v. Sherman,* 28 Kas. 289, inconsistent with the views herein expressed. That was a county-seat case, not brought in the name of the state nor under the foregoing statute, but in the name of an individual and for his own benefit; and the plaintiff in that case, in all probability, had such a *special interest* in the subject-matter of the action that he could have maintained the action if everything else had been in his

favor; but the decision of the court below in that case, as in this, was against him, and the decision in that case was affirmed by the supreme court, as the decision of the lower court in this case must be.

It is insisted, however, by the plaintiff, that even if the temporary injunction was rightfully dissolved, still that the court below erred in dismissing the plaintiff's action, and the case of *Johns v. Schmidt*, 32 Kas. 383, is cited; but that case furnishes no support to the point made by the plaintiff in this case. In that case the plaintiff alleged a good cause of action, and one upon which a judgment could rightfully be rendered, and the plaintiff's petition in that case was such that upon it he was entitled to a trial; but in this case the petition does not state any cause of action, and it is difficult to see how it could be amended so as to make it state any cause of action; nor did the plaintiff ask to amend it; and upon it no trial could have been had, nor any judgment in favor of the plaintiff rendered; and the entire decision of the court below was upon the ground of the insufficiency of the plaintiff's petition to state a cause of action in his favor.

The order and judgment of the court below will be affirmed.

All the Justices concurring.