THE UNION TERMINAL RAILROAD COMPANY v. THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF KANSAS.

RAILROAD COMMISSIONERS, *Restraining Action of*— *Parties Defendant*— *Interest of Railroad Companies.* The board of railroad commissioners, in pursuance of chapter 184 of the Laws of 1887, upon the application of a railroad company, granted it the right to cross the roads of two other railway companies, and prescribed the terms and manner of crossing, and also fixed the compensation to be paid by the crossing company. No appeal was taken from the order. At the end of about four months, and before the crossing was made, the companies over whose roads the crossing was allowed applied to the board of railroad commissioners for a rehearing of the case, and to set aside the order allowing the crossing to be made. The crossing company objected to the consideration of the application, claiming that the board had no power to grant a rehearing. The objection was overruled and the board was proceeding to rehear the case, when an action for injunction was begun against the board alone to enjoin it from further hearing the application. *Held,* That the railroad commissioners are only nominal parties; that the railroad companies

who are invoking the action of the board, and whose rights will be
seriously affected by the action which the board may take, are neces-
sary parties; and that no injunction should be allowed until they are
brought into court and given opportunity to be heard.

*Error from Shawnee District Court.*

ACTION by the *Railroad Company* against the *Board of
Railroad Commissioners of Kansas* for an injunction. The
plaintiff brings here for review an order denying a temporary
writ. The opinion states the material facts.

*Trimble & Braley, G. A. Vandeveer,* and *Rossington, Smith &
Dallas,* for plaintiff in error:

It is clear that the act of 1887 with reference to crossings
is an exercise of the power of eminent domain. *N. P. Rld.
Co. v. St. P. &c. Rld. Co.,* 1 McCr. 502; *U. P. Rld. Co. v.
Burlington &c. Rld. Co.,* 1 id. 452. See, also, *C. B. U. P.
Rld. Co. v. A. T. & S. Rld. Co.,* 28 Kas. 453; *Hunt v. Smith,*
9 id. 137; 6 Am. & Eng. Encyc. of Law, 604.

The board of railroad commissioners has no power or juris-
diction to make any order with reference to the crossing of
one railroad by another, under the act of 1887, until the
railroad company desiring to make the crossing shall make
application in writing to the board. This is a jurisdictional
prerequisite, and the railroad company whose track is about to
be crossed cannot put the machinery of the law into motion.
*K. P. Rly. Co. v. Streeter,* 8 Kas. 133.

The act of 1887 being an exercise of the power of emi-
nent domain, and the board of railroad commissioners acting
*ex officio* as condemnation commissioners, and having only
such powers as are expressly given them by the statute itself,
and there being no provision in the statute authorizing the
board to grant rehearings in such cases, or vacate, modify or
set aside any award made by them, it is clear that the same
rules of law applicable to ordinary condemnation commis-
sioners are applicable in this case, and when the board has
heard an application, visited the premises, considered the evi-

dence, rendered its decision, and made its award of compensation, they are then like other condemnation commissioners, *functus officio*, and can take no further action in the premises. *People, ex rel., v. Mott*, 60 N. Y. 649; *West v. W. & E. Rld. Co.*, 61 Miss. 530; *Pollard v. Ferguson*, 1 Litt. (Ky.) 196; *Baldwin v. Calkins*, 10 Wend. 181.

The law of 1887 provides for an appeal as to the compensation and the terms of crossing, and, if either party feels aggrieved by the decision of the board, it should have pursued the statutory remedy, viz., that of appeal, and it has no other remedy. *Masters v. McHolland*, 12 Kas. 17–26; 19 Pac. Rep. 702.

The award made by the board of railroad commissioners is, like the award of any other condemnation commissioners, valid and binding as the judgment of a court until appealed from. An appeal would have the effect of vacating the award as to the amount of damage and the terms of crossing, the same as an appeal from a justice of the peace to the district court vacates the judgment of the justice. *Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kas. 515. And the board having power under the law to make the award which it did, and no appeal having been taken, and the plaintiff having tendered the amount of compensation awarded, rights became vested, and the decision of the board has the same effect as if a voluntary agreement had been made and entered into between the companies. *C. & A. Rld. Co. v. K. C. &c. Rld. Co.*, 19 S. W. Rep. 826.

We are therefore of the opinion that when one railroad company, desiring to cross the track and right-of-way of another, presents, under the act of 1887, to the board of railroad commissioners, its petition and application, and when the board has duly considered the matter, visited the premises, and a full hearing has been had, and when the board has made its decision and determined that there is a necessity for such crossing, and the manner, place and terms thereof, and awarded the compensation, and neither company appeals within the statutory time, it is then beyond the power

of the board of railroad commissioners to take any further action regarding the matter.

*John T. Little*, attorney general, *Frank Doster*, and *David Martin*, for defendants in error; *A. L. Williams*, and *N. H. Loomis*, of counsel:

A temporary injunction should not be granted against the defendants, as they are only nominal parties. The railway companies are the real parties in interest. See *The State v. Anderson*, 5 Kas. 90, 114, 115; *Gilmore v. Fox*, 10 id. 509, 511, 512; *Hays v. Hill*, 17 id. 360–362; *Voss v. School District*, 18 id. 467, 471; *A. T. & S. F. Rld. Co. v. Wilhelm*, 33 id. 206–209; *McCarthy v. Marsh*, 41 id. 17–19.

*Trimble & Braley, G. A. Vandeveer*, and *Rossington, Smith & Dallas*, for plaintiff in error, in reply:

Is there a defect of parties defendant? We think not. There is involved here not simply the rights of the Missouri Pacific and Union Pacific companies on the particular facts of this case, but the power of the board of railroad commissioners. *Township v. Comm'rs of Sumner Co.*, 25 Kas. 519.

Making the railroad companies parties defendant would only result in a vexatious delay by the removal of the case by the Union Pacific company to the federal court, and withdrawing from this court the construction of one of the statutes of this state. All the railroads as well as the people are as much interested in this case as are the Missouri Pacific and Union Pacific companies, and the statute should be construed by this court.

The opinion of the court was delivered by

JOHNSTON, J.: Upon application, and after due notice and a hearing, the board of railroad commissioners, on January 3, 1893, made an order allowing the Union Terminal Railroad Company to cross the tracks and rights-of-way of the Union Pacific Railway Company and the Missouri Pacific Railway Company at a point near the west end of the bridge across

the Kansas river, in Wyandotte county. The order provided that the crossing should be made at grade, and prescribed the terms and manner of crossing, as well as fixed the compensation to be paid. On May 8, 1893, and after the membership of the board had been changed, the Missouri Pacific Railway Company and the Union Pacific Railway Company filed motions before the new board for a rehearing of the crossing cases, and asked the board to set aside and vacate the orders made by the former board on January 3, 1893. The motions for rehearing were heard on May 10, 1893, when the Union Terminal Railroad Company appeared specially and objected to the consideration of the motion, claiming that the board had no power to reopen the case, or to grant any rehearing. The objection was overruled, and the board held that it had power to rehear the cases, and to vacate and set aside the orders previously made. The plaintiff then commenced the present action in the district court of Shawnee county to enjoin the board from further hearing the motions for rehearing, when a restraining order was allowed until the hearing for a temporary injunction. Subsequently, the district court heard the application, and, upon the evidence and arguments submitted, the temporary injunction was denied. Upon this ruling error is assigned.

The proceedings to obtain the right to cross the tracks of the defendants were taken in pursuance of chapter 184 of the Laws of 1887. It is contended that this act with reference to crossings is an exercise of the power of eminent domain, in which the board of railroad commissioners simply acts, *ex officio*, as condemnation commissioners. Counsel for plaintiff argue, with great earnestness and plausibility, that the rules of law applicable to ordinary condemnation commissioners are applicable in this case, and, when the board has heard the application, visited the premises, considered the evidence, rendered its decision, and made its award of compensation, they are then, like other condemnation commissioners, *functus officio*, and can take no further action in the premises. It is urged that they have only such powers as are expressly given

them by the statute itself, which makes no provision for re-hearings or for any proceedings to vacate, modify or set aside an award made by them; that the law does provide for an appeal as to the compensation awarded and the terms of cross-ing; and it is urged that, if either party feels aggrieved by the decision of the board, it should pursue the statutory remedy, and that the defendants, failing to avail themselves of that, have no other remedy.

On the other hand, the defendants call our attention to the fact that they are only nominal parties, and that no tempo-rary injunction should be granted until the railroad compa-nies whose legal rights are to be directly affected are made parties to the action.

The objection is good. The railroad companies which are invoking the action of the board, and whose rights will be seriously affected by the action which it will take, were not made parties to this action. The railroad commissioners have no interest in the controversy beyond the abstract one of cor-rectly determining their power in the premises and the rights of the contending parties. They are not the representatives of the railroad companies, and cannot be burdened with the task of protecting their rights. As a ground of injunction, it is claimed by the plaintiff that since the order of January 3, 1893, allowing the crossing to be made, it has expended about $100,000 in the acquisition of right-of-way and in the con-struction of its road approaching the proposed crossing. It is contended that the lapse of time and the expenditures made by the plaintiff relying upon the order allowing it to cross gave it a vested right, and the district court held that there was great force in this contention. The fact that the money was expended upon the faith of the order of the old board or that vested rights had accrued against the defen-dant companies appears to be disputed. But why should the board of railroad commissioners assume the burden of any of the defenses of the railroad companies? The motions for rehearing were filed and are being pressed by the railroad companies, in which they allege numerous rea-

sons for reopening the case and setting aside the original order. They are endeavoring to have rescinded an order which they allege inflicts serious and unnecessary injury to them and their properties. Shall their rights be determined and their hands tied without a hearing or an opportunity to be heard? We are clearly of opinion that they are necessary parties to this proceeding, and that no important step should be taken nor any injunction granted until they are brought before the court. It has frequently been held that the court will not proceed against a mere nominal party until the real parties and those who will be directly affected by the result of the litigation are given an opportunity to be heard upon the question at issue. (*The State v. Anderson*, 5 Kas. 90; *Gilmore v. Fox*, 10 id. 509; *Hays v. Hill*, 17 id. 360; *Voss v. School District*, 18 id. 467; *Carpenter v. Hindman*, 32 id. 607; *A. T. & S. F. Rld. Co. v. Wilhelm*, 33 id. 206; *Cassatt v. Comm'rs of Barber Co.*, 39 id. 506; *McCarthy v. Marsh*, 41 id. 17; *Livingston v. McCarthy*, 41 id. 20.)

Under the ruling of these authorities, and in the absence of the railroad companies, the plaintiff was not entitled to an injunction, and therefore no error was committed in denying the application.

Judgment affirmed.

All the Justices concurring.