The Union Terminal Railroad Company v. The Board of Railroad Commissioners of the State of Kansas *et al.*

1. Railroad, *Crossing Another — Final Decision.* In a proceeding to condemn a crossing for one railroad over another, under chapter 184 of the Laws of 1887, the decision and award of the commissioners are final, unless an appeal is taken within the prescribed time.

2. Commissioners — *Authority, When Ended.* When a proper application is made in writing, and a hearing is had thereon after due notice to the interested parties, and the commissioners determine that there is a necessity for a crossing, the place where it shall be made, and the manner of such crossing, as well as the compensation to be awarded, and the terms upon which it shall be made, their authority in the matter is at an end.

3. Case, *Attempt to Reopen — Injunction.* Where an attempt is made to reopen such a decision after the expiration of more than four months, and after one of the parties, relying upon the conclusive character of the decision, has expended a large sum of money, and where it appears that the attempt to reopen and rehear will injuriously affect the crossing company, it is entitled to the remedy of injunction to prevent such reopening of the case, or any interference with the rights which it acquired under the decision.

4. RES JUDICATA — *Full Hearing.* Where a ruling is made refusing a temporary injunction in a case where some of the necessary parties are absent, the principle of *res adjudicata* will not apply to prevent a full hearing upon the merits, either before the same or some other competent tribunal.

5. DISCRETION OF COURT, *No Abuse of.* Where a defendant, in its cross-petition, asks for a temporary order to enjoin the performance of an act that has aleady been restrained by an order of the same court in another action between the same parties, and which is still in force, the refusal of the additional order under the cross-petition cannot be regarded as an abuse of discretion.

*Error from Wyandotte District Court.*

ACTION by *The Union Terminal Railroad Company* against John Hall, P. B. Maxson, and W. D. Vincent, as *The Board of Railroad Commissioners of the State of Kansas,* the Union Pacific Railway Company, the Missouri Pacific Railway Company, and the Chicago, Rock Island & Pacific Railway Company, to enjoin the board of railroad commissioners from granting to the railway companies a rehearing of a decision made on January 3, 1893, authorizing the Union Terminal Company to cross the tracks of the railway companies at a certain point in the county of Wyandotte. On October 27, 1892, the Union Terminal Company presented to the board of railroad commissioners, then consisting of A. R. Greene, W. M. Mitchell, and George T. Anthony, an application asking the board to determine the necessity of a crossing of its track over the tracks of the Union Pacific and Missouri Pacific Railway Companies at a point near the west end of the railroad bridge over the Kansas river, in Wyandotte county, and to prescribe the manner and terms of such crossing. A hearing was had upon this application, and on January 3, 1893, an order was made by the board granting the Union Terminal Company the right to cross the Union Pacific and Missouri Pacific tracks at grade, and fixing the terms and conditions upon which the crossing should be made and maintained, including the amount of compensation which should be paid to the several railway companies affected by

23—54 KAS.

the crossing. No appeal was taken by any of the parties from any portion of that decision, and subsequently the Union Terminal Company proceeded to expend large sums of money in the construction of its road and in procuring a right-of-way therefor, but no crossing has yet been made or attempted by that company.

After the making of said decision, and before the motion for a rehearing was filed, A. R. Greene, W. M. Mitchell and George T. Anthony retired from office as members of the board of railroad commissioners, and were succeeded by the defendants John Hall, P. B. Maxson, and W. D. Vincent, who now constitute the board. On May 8, 1893, the Union Pacific and Missouri Pacific Railway Companies appeared before the board and filed motions asking that the order and decision of January 3, 1893, be vacated and set aside, and for a rehearing of the application to make the crossing. Due notice of the filing of these motions was given to the Union Terminal Company, and on May 16, 1893, it appeared before the board and objected to a rehearing, upon the ground that the board had no authority to grant rehearings in such cases. This objection was overruled by the board, which held that it had the right to grant rehearings in cases of this character, and accordingly set the matter down for hearing before the board on May 25, 1893. On May 18, 1893, the Union Terminal Company brought an action in the district court of Shawnee county, to enjoin the board from rehearing the matter, when a restraining order was granted. Afterward, the judge of that court refused a temporary injunction, and the ruling was brought to this court for review. It was here decided that, as the railroad commissioners were only nominal parties, a decision on the merits could not be made in the absence of the railroad companies whose rights might be affected by any action which the board might take. Afterward, on January 26, 1894, that action was dismissed from the district court of Shawnee county without prejudice to a future action by the Union Terminal Company, and on the next day it commenced this action in the district court of Wyandotte

county, alleging the foregoing facts, and asking an injunction to prevent the companies from prosecuting the application for a rehearing and the board of commissioners from entertaining the motion or granting the rehearing. When the action was commenced, a temporary restraining order was granted by the court, and, subsequently, pleadings were filed by the board of railroad commissioners and the several railway companies.

The Union Pacific Company filed a general demurrer to the plaintiff's petition. The Chicago, Rock Island & Pacific filed a general denial. The board of railroad commissioners answered, disclaiming any interest in the matters in controversy except as public officers, and that they were only proceeding to perform such duties as the law required. They further alleged, that the decision of the district court of Shawnee county, having been affirmed, was *res adjudicata* of the questions presented by the plaintiff's petition. The Missouri Pacific Company filed an answer and cross-petition, denying some of the allegations of the petition of the Union Terminal Company, alleging facts tending to show that a grade crossing at the point fixed by the decision of the board was unnecessary, impracticable, injurious to the interests of the company, and perilous to the traveling public, and that an overhead crossing was practicable and could be constructed with less injury to the parties concerned and with greater safety to the public. A reply denying the allegations of this answer and cross-petition was filed by the Union Terminal Company. On April 21, 1894, a hearing was had upon the application for a temporary injunction, and after oral and written testimony was introduced the case was argued and taken under advisement until May 12, 1894, when a decision was rendered denying the temporary injunction applied for by the Union Terminal Company, and also denying the temporary injunction asked for by the Missouri Pacific Company in its cross-petition. The Union Terminal Company brings the case to this court and asks a review of the rulings, and the Missouri Pacific Company files a cross-petition in error

which assigns for error the refusal of the court to enjoin the Union Terminal Company from making the crossing in the manner and upon the terms prescribed by the order of January 3, 1893.

*Trimble & Braley*, and *G. A. Vandeveer*, for plaintiff in error.

*John T. Little*, attorney general, for defendant in error Board of Railroad Commissioners.

*A. L. Williams*, and *N. H. Loomis*, for defendant in error Union Pacific Railway Company.

*Waggener, Martin & Orr*, and *Frank Doster*, for defendant in error Missouri Pacific Railway Company.

*M. A. Low*, and *W. F. Evans*, for defendant in error Chicago, Rock Island & Pacific Railway Company.

The opinion of the court was delivered by

JOHNSTON, J. The denial of the affirmative relief asked by the Missouri Pacific Railway Company in its cross-petition will be considered first. There was much testimony presented by that company to show that a grade crossing at the point decided upon would cause great ·inconvenience and loss to it and the Union Pacific Railway Company, would necessarily endanger human life, and greatly interfere with the public business. Evidence was also offered to the effect that an overhead crossing was more practicable and equally as economical in the end as would be a grade crossing. An objection to the consideration of this testimony was sustained, upon the ground that it appeared that another action had been instituted and was pending between the same parties in the same court wherein the same issues are presented for determination. Under the circumstances, there is no good cause to complain of this ruling. The application was for a temporary order to enjoin the performance of an act that had already been restrained upon order of the judge of the same court. That order being then in full force and effect, it was

5. Discretion of court, no abuse of.

unnecessary to grant another. The court, in its discretion, might possibly have tried the question in the present action; but in view of the pendency of the other action and the existence of the restraining order, the refusal cannot be regarded as an abuse of discretion.

A preliminary question is presented as to the effect of the decision and order of the district court of Shawnee county. It is urged that the substantial point in issue in that case was the same as that which is raised in the present case, namely, whether the board of railroad commissioners had power to grant a rehearing in a railroad-crossing case, and, as that court denied the temporary injunction, it in effect held that the board possessed the power to rehear the case; and it is also urged that, as that judgment has been affirmed in this court, it is *res adjudicata* upon the question presented here. (*U. T. Rld. Co. v. Rld. Comm'rs,* 52 Kas. 680.) The ruling in that case, however, was made upon an application for a temporary injunction, and not in a final trial upon the merits. It has been held that "the principle of *res adjudicata* does not apply to mere interlocutory motions of this kind, so as to make a decision rendered thereon conclusive between the parties when the case is called for trial upon the merits." (*Johns v. Schmidt,* 32 Kas. 383.) One reason for this rule is, that such motions may be and are frequently heard upon *ex parte* affidavits, without the formalities and full proof that may be had in a trial upon the merits. Although there may be some exceptions to the rule, this question does not fall within any of them. The decision of the interlocutory motion was held to be ineffectual, because of a want of necessary parties. (*U. T. Rld. Co. v. Rld. Comm'rs,* supra.) It can hardly be that a decision made upon a preliminary hearing and *ex parte* affidavits, without the necessary parties, prevents a full hearing upon the merits, either before the same or some other competent tribunal. Until the final submission of the case, the plaintiff had a right to a dismissal without prejudice, and, having exercised this option,

4. Res judicata— full hearing.

the proceedings in the former case constitute no bar to a new action. (Civil Code, § 397; *Mason v. Ryus,* 26 Kas. 464.)

The main point in dispute is whether the decision of the board of railroad commissioners of January 3, 1893, was final, or whether, after the expiration of more than four months, and after one of the parties, relying upon the conclusive character of the decision, has expended a large sum of money in constructing its road, the controversy may be reopened and the crossing company interrupted in the possession and rights acquired under that order. By that decision a grade crossing was allowed upon certain terms, and the payment of specified compensations to the companies affected by the crossing. No appeal was taken from that order, but after the Union Terminal Company had tendered the compensation awarded, which was declined, and had expended considerable money in building its road toward the point of crossing, and after the personnel of the board of commissioners had been changed, a retrial was asked. The conclusive character of the decision made, or the right to a retrial, depends upon the statute giving the right to cross, and prescribing the methods by which it may be obtained. It provides that, where a crossing is desired, written application may be made to the board of railroad commisssioners, specifying the place of crossing, whereupon the board shall fix a day for the hearing, and give notice to the railway corporations interested, at which time the parties

"shall be heard in regard to the necessity, place, manner and times of such crossing or connection; and upon such hearing either party, or the board, may call and examine witnesses in regard to the matter, and the board shall, after such hearing and a personal examination of the locality where a crossing or connection is desired, determine whether there is a necessity for such crossing or not, and if so, the place thereof, whether it shall be over or under the existing railroad, or at grade, and in other respects the manner of such crossing, and the terms upon which the same shall be made and maintained." (Laws of 1887, ch. 184, § 1.)

Another section of the act provides that

"If either party shall be dissatisfied with the terms and

order made by said board of railroad commissioners, it may appeal to the district court of the county wherein such crossing or connection is sought to be made, in the same manner as appeals are allowed from a judgment of a justice of the peace to the district court; and said appeal, and all subsequent proceedings, shall only affect the amount of compensation, if any, and other terms of crossing fixed by said board, but shall not delay the making of said crossing or connection; *Provided,* The corporation desiring such crossing or connection shall deposit with the county treasurer of the county where crossing or connection is sought to be made, the amount of compensation, if any is fixed by said board of railroad commissioners, and shall execute and file with said board a bond of sufficient security, to be approved by any member of said board, to pay all damages and comply with all terms that may be adjudged by the district court." (Laws of 1887, ch. 184, § 2.)

As will be seen, this statute provides for the exercise of the power of eminent domain, and, in most of its features, corresponds with the statutory proceeding to condemn the right-of-way for railroads. Instead of authorizing the county commissioners, or commissioners appointed by the judge of the district court, to determine the question at issue, the railroad commissioners are designated as the special statutory tribunal to determine the questions involved in the application to cross. It is obvious that the legislative purpose was to authorize a speedy and summary method by which one railroad might unite with or build across another. The conditions upon which such right may be obtained, and the procedure to obtain it, are within the discretion of the legisture. It may exercise the power through a special tribunal without a jury; and it is optional with the legislature to make the decision of such tribunal final, or to allow an appeal therefrom to a jury. In *C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.,* 28 Kas. 463, it was held that

"The right of eminent domain carries with it no constitutional guaranty of a jury trial; it is a power which may be exercised whenever the necessities of the public require, and in such manner and through such machinery as the legislature may see fit to prescribe, the only limitations thereon being the

constitutional restrictions as to the time, kind and amount of compensation. The legislature may provide for a jury trial of the damages in the first instance, or it may withhold such a trial altogether and leave to any commissioners or court the sole and final determination as to the amount of damages."

Where a statutory procedure has been marked out, it is exclusive, and resort can be had to no other. It is evident, from an examination of the provisions of the statute in question, that the purpose of the legislature was, that a crossing should be made without delay or interruption by reason of an appeal from or review of the action of the commissioners. It is manifest that the decision of the board with respect to the necessity for a crossing, and the place and manner of such crossing, should be final, for in the second section of the act it provides that an appeal from the decision shall only affect the amount of compensation, if any, and the terms of crossing fixed by the board, "but shall not delay the making said crossing or connection." As an appeal may be granted or withheld at the will of the legislature, it may authorize a partial review only, and, being a matter of favor, may prescribe the terms upon which it shall be taken. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, supra.) After a valid order has been made by the commissioners, the crossing company has a right to rely on the same, and proceed with the construction of its road, and especially when no appeal has been taken within the prescribed time. By failing to take an appeal, the defendant companies in effect assented to the order and to the award which had been made. No provision is made in the statute with reference to the condemnation of crossings for a rehearing or new trial of the issues, and, in view of the provisions of the act and the nature of the proceedings, a retrial was not within the contemplation of the legislature. As the action of the commissioners in determining the right to cross and the manner of crossing is final, and as the work cannot be delayed, not even by reason of an appeal, it is evident that

3. Case, attempt to reopen — injunction.

1. Railroad crossing another—final decision.

a new trial is not authorized.    In condemning this crossing, the board acted as condemnation commissioners, and when the hearing has been had upon the application, and the decision and award made, they are then like other condemnation commissioners, *functus officio*, and can take no further action in the premises. (*People v. Mott*, 60 N. Y. 649; *West v. Railroad Co.*, 61 Miss. 536; *Pollard v. Ferguson*, 1 Litt. [Ky.] 136; *Baldwin v. Cawkins*, 10 Wend. 167; *Stafford v. Mayor &c.*, 7 Johns. 541; *In re Mt. Morris Square*, 2 Hill, 14; *Visscher v. Railroad Co.*, 15 Barb. 37; Lewis, Em. Dom. 423.)

It is conceded that ordinarily when condemnation commissioners have made their decision and report their power is at an end; but it is said that the board of railroad commissioners is a continuing body, having general supervision over the railroads of the state, and that they are not to be regarded as *functus officio* upon the rendition of a decision in a crossing case.    The power which they exercise in condemning a crossing is derived from the condemnation statute of 1887, and not from the general law investing them with supervisory power over railroads.    In a proceeding to condemn a right-of-way for a railroad, county commissioners, which is a continuing body, are authorized to act; and it will be conceded that when they have acted and made their report their authority as condemnation commissioners is at an end.    They cannot rehear the application to condemn nor disturb the award and decision which they have previously made.    No more can the board of railroad commissioners after they have heard an application and rendered their decision thereon.    It is said that so much of the statute as prescribes the terms upon which a crossing shall be made is the exercise of the police power of the state, and comes within the supervisory control of the board; therefore, the board has authority at any time to prescribe regulations respecting these matters.    As was said at the beginning, we think the statute in question provides for the exercise of the power of eminent do-

2. Commissioners—authority, when ended.

main, and that the provisions respecting the terms and compensation are mere incidents or regulations of the exercise of that power. The compensation, and the terms on which the crossing shall be made and maintained, necessarily depend on the place and manner of crossing. The determination of all these questions is properly placed in the single tribunal, and should be disposed of in a single decision. If, as in this case, a grade crossing was ordered upon certain terms, and the payment of a certain award, and an appeal was taken from a decision as to the amount of compensation and terms of crossing, the trial of that appeal would involve the question whether the compensation and terms were sufficient and just for a grade crossing. If, however, the commissioners may reopen the case, and order an over-grade crossing, which might require a radical difference in the terms prescribed and the amount awarded as compensation, of what avail would be the appeal from the first decision? Under such circumstances a retrial would be impracticable, and evidently such a proceeding was not within the purpose of the legislature. As the decision upon the necessity, place and manner is final, it follows that if no appeal is taken, so much of the order as fixes the terms and compensation is necessarily final. If an appeal is taken, it must be determined upon a stable and fixed condition as to the place and manner of crossing; otherwise, there would be no basis upon which to compute the damages to be allowed. All of these matters are inseparable in the final decision of a crossing case, and, as the terms upon which it should be made are elements of regulation of the power of eminent domain, there is no right to a rehearing upon the terms alone.

There is a vigorous attack made upon the policy of building grade crossings, and especially at a place which is the throat of several systems of railroads, and where it is shown that scores of trains are required to pass every hour. These considerations are not for the court, however, but must be determined by the statutory tribunal provided for that purpose. If the commissioners acted without authority, or if their de-

cision was obtained by fraud, or upon perjured testimony, the parties injured would not be without remedy. A decision of that character is of no validity, and undoubtedly a court of equity, upon sufficient proof, would promptly annul and set it aside. It is not contended in this case that the board acted without jurisdiction, nor is it alleged or shown that any fraud was practiced by the successful party in obtaining the decision. As the decision of the board must be regarded as final, and as the reopening of the case at this time would operate injuriously to the plaintiff, we think the remedy of injunction is available, and hence the judgment of the district court cannot be sustained. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.,* supra; *Noble v. Railroad Co.,* 147 U. S. 165.) Judgment reversed.

All the Justices concurring.