*In re* T. E. LUTTGERDING, *Petitioner.*

No. 17,139.

SYLLABUS BY THE COURT.

1. RAILROADS—*Crossing of Tracks—Reasonableness of Order—Injunction—Parties.*  A railroad company is entitled to maintain an action of injunction to determine the legality, justice and reasonableness of an order made by the board of railroad commissioners authorizing another railroad company to build its line across the track and switch yards of the former company, and in such action the board of railroad commissioners and the railroad company proposing to build the crossing may be properly joined as defendants.

2. JUDGMENTS—*Collateral Attack—Action against a Resident and a Nonresident.*  The decision that a resident defendant was rightly joined with a nonresident defendant summoned in

another county may be reviewed on appeal, but the decision of the question by a court having jurisdiction of the subject matter of the action is not open to collateral attack.

3. WORDS AND PHRASES—*"Restraining Order"*—*"Temporary Injunction."* Where the district court designates and treats an injunction order issued by it as a temporary restraining order the supreme court, in which a habeas corpus proceeding is brought to release the defendant from imprisonment imposed for violating the order, will also treat it as a temporary restraining order, although such order recites that it is to continue in force until the further order of the court.

Original proceeding in habeas corpus. Opinion filed July 9, 1910. Petitioner remanded.

*E. N. Smith,* and *H. A. Noah,* for the petitioner.
*William R. Smith,* and *O. J. Wood,* for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: The petitioner asks for release from imprisonment imposed under an order of the district court of Shawnee county made in a contempt proceeding.

In an action brought by the Atchison, Topeka & Santa Fe Railway Company against the board of railroad commissioners and the Kiowa, Hardtner & Pacific Railroad Company it was alleged that the Kiowa company had obtained an order of the board of railroad commissioners authorizing it to build its line of railroad across the tracks and yards of the Santa Fe company at Kiowa, Kan., and had required the Santa Fe company to install a standard mechanical interlocking plant, the expense of the same to be charged to the Kiowa company. The order, it was alleged, was unlawful, oppressive, fraudulent and void, because the Kiowa company did not ask to cross the switch yards of the Santa Fe company, and because it was practicable to cross outside of the yards, as the statute requires. It was also alleged that no compensation was allowed for

*In re* Luttgerding.

a right of way through the land and over the yards of
the Santa Fe company, and that a crossing through the
yards of the latter company would, in addition to inter-
fering with and impeding the company in its business,
greatly imperil the lives and limbs of its employees, as
well as the passengers traveling over its line, and it was
averred that a crossing could be made not more than
1000 feet away from the crossing proposed and the in-
juries and perils mentioned would be avoided.  It was
further alleged that the Kiowa company was proceed-
ing to make the crossing without authority of law, and
the plaintiff therefore asked that the order be set aside,
and that defendant be enjoined from carrying out the
order or from making the crossing through the yards
of the Santa Fe company.  On application a temporary
restraining order was issued, restraining the defend-
ants from proceeding in the building of a crossing until
the further order of the court.  Summons and notice of
injunction was served on the defendants, after which
the Kiowa company moved to set aside the summons be-
cause of a lack of jurisdiction of the subject matter,
but this motion was denied.  Subsequently the Kiowa
company filed an answer setting forth a general denial
and alleging that there was no joint interest in, nor
joint liability of, the Kiowa company and the board of
railroad commissioners, and that the causes of action
alleged against them were improperly joined.  The
board of  railroad commissioners and  its  individual
members also answered with a general denial, and, fur-
ther, that there was no community of interest between
the defendants, and that the plaintiff had no capacity to
maintain the action in Shawnee county.  An affidavit
was filed stating that the Kiowa company was proceed-
ing to make the crossing in violation of the temporary
restraining order, on which a writ of attachment was
issued and served on the petitioner.  An accusation was
then filed setting forth an alleged violation of the re-
straining order, on which a trial was had, which re-

sulted in a finding that the petitioner was guilty of contempt of court, and a judgment sentencing him to pay a fine of $100 and to be committed to the custody of the sheriff of Shawnee county until the fine and the costs of the proceeding were paid.

The petitioner contends that in the first place the court had no jurisdiction or power to issue the injunction, and that therefore noncompliance with the order is not a punishable contempt. The basis of the claim is that the Kiowa company is a nonresident defendant which could not be served in Shawnee county, and that, while an action might be brought against the board of railroad commissioners, there was no right to summon the railroad company unless there was a cause of action against it and the board and both were properly joined as defendants, citing *Marshall v. Land Co.,* 75 Kan. 445. The board of railroad commissioners, however, was a necessary and a proper party in the action. The action was one challenging the validity of the crossing order made by the board, and to enjoin its enforcement or the making of the crossing which the order purported to authorize. In such an action the board that made the order, as well as the railroad company which obtained it and proposed to make the crossing, may be sued together. (*U. T. Rld. Co. v. Rld. Comm'rs,* 52 Kan. 680.)

It is contended, however, that the order was made in a condemnation proceeding, that the only remedy of a railroad company dissatisfied with the order is an appeal under section 7192 of the General Statutes of 1909 (Laws 1901, ch. 286, § 14), and that when the order was made and no appeal was taken within ten days the order became a finality and thereafter the board had no further interest or power in the matter. It is insisted that no action against the board could be maintained, and therefore no summons could be sent to another county to be served on the Kiowa company, and *U. T. Rld. Co.*

*In re* Luttgerding.

*v. Rld. Comm'rs*, 54 Kan. 352, is cited as a sustaining authority. In that case a crossing order made under chapter 184 of the Laws of 1887 (Gen. Stat. 1889, §§ 1359-1361) was held to be in effect an order in a condemnation proceeding; and it was held that the decision was to be treated as final unless an appeal was taken within the prescribed time, and that, if no appeal was taken, the commissioners had no power thereafter to reopen and retry the question decided. In 1901 the law regulating railroads was revised, and in the revision the section authorizing the board to order the making of railroad crossings was reënacted substantially as in the statute of 1887; but in addition the legislature enacted a provision that a railroad company dissatisfied with any order made by the board of railroad commissioners might, within thirty days thereafter, bring an equitable action, such as the injunction proceeding in this case, to test the right of the board to make the order, and to enjoin its enforcement if it was found to be unreasonable, unjust, oppressive or illegal. (Laws 1901, ch. 286, § 39, Gen. Stat. 1901, § 5999; Laws 1907, ch. 268, § 8, Gen. Stat. 1909, § 7228.) This added remedy was given after the case of *U. T. Rld. Co. v. Rld. Comm'rs*, 54 Kan. 352, to which counsel refer, was decided. It gives a dissatisfied railway company a right to go into court and test the legality and justice of every order made against it, and clearly embraces orders made respecting crossings. The statute therefore gives, not only the remedy of appeal, but also the right to challenge the order in a direct equitable proceeding, in which not only the amount of the award and the questions involved in an appeal but all other questions of an equitable character may be tried and determined. The proceeding in which the order in question was made fairly comes within this provision. Even as the law stood before the statute of 1901 was enacted, a party was entitled to bring a proceeding and enjoin the

14—83 KAN.

making of a crossing where the commissioners acted without authority or where the decision was fraudulently obtained. (*U. T. Rld. Co. v. Rld. Comm'rs,* 54 Kan. 352.). But under the later statute and the new remedy provided the courts may inquire into the reasonableness and justice of the order, as well as its validity.

Apart from this consideration, the district court has jurisdiction of the subject of injunction, and it determined upon a challenge of misjoinder that the board of railroad commissioners and the Kiowa company were properly joined as defendants and the action was rightly brought against both parties. If the decision was wrong it was one to be corrected on appeal, and not in a habeas corpus proceeding. In *Ayres v. Deering,* 76 Kan. 149, it was contended that a judgment was open to collateral attack because an action against a nonresident defendant could not be properly joined with that against a resident defendant, the defect being apparent on the face of the petition, and it was said:

"The petition was sufficient to bring up for decision the question whether there was a misjoinder. True, it showed upon its face that in a correct view of the law the two causes of action could not properly be united, and therefore that a summons could not lawfully be served upon Jackson in another county; but whether the joinder was rightful was one of the very matters to be determined. The fact that the record showed that it was wrongly decided does not render the resulting judgment open to collateral attack." (p. 151.)

(See, also, *National Bank v. Town Co.,* 51 Kan. 215; *Clevenger v. Figley,* 68 Kan. 699.)

There is a contention that the order violated was a temporary injunction rather than a temporary restraining order, and that as no bond was required or given the order never became operative. It was a temorary restraining order which was asked for, and the district court treated and designated the order granted

*In re* Luttgerding.

as a temporary restraining order. The only basis for calling the restraining order a temporary injunction was that no time was fixed to hear the application for a temporary injunction, but this fact alone does not determine the character of the order. The purpose of a temporary restraining order is to suspend operations until the propriety of granting an injunction can be heard, and, of course, it should only be continued for a brief time. Ordinarily the order granting it limits its operation by providing that it shall only continue until a certain day, when a hearing for a temporary injunction shall be had. Instead of fixing a particular day in this instance the court temporarily restrained the parties until the further order of the court. The time for a hearing may have been left open in order that the convenience of the defendants, who were not present, might be consulted. In every other respect the court indicated that it was granting a mere temporary restraining order. The fact that it was granted *ex parte* and without notice indicated to some extent the purpose of the court, and the further fact that no bond was required showed the view which the court took of it. In the order itself the court in plain terms called it a temporary restraining order, and we think it should be so treated in this collateral attack. The order, although it may have been erroneously granted, should have been obeyed by the defendants until it was set aside in a direct proceeding.

It follows that the petitioner must be remanded.