\* *In re* IRA N. TERRILL, *Petitioner.*

No. 10,837.

HEADNOTE BY THE REPORTER.

1. HABEAS CORPUS — *Want of Jurisdiction — Must Clearly Appear.* To permit of petitioner's release on habeas corpus on the ground that the crime for which he was convicted was committed at a place which did not permit of the trial court's having jurisdiction, such fact must clearly appear.

2. ———— *Former Jeopardy—Venue—Not Considered in Habeas Corpus.* Error in overruling a plea of former jeopardy, or in the matter of change of venue, can not be considered on habeas corpus.

Original proceeding in habeas corpus. Opinion filed June 5, 1897. Petitioner remanded.

*Buckner & Sons,* for the petitioner.

*C. A. Galbraith,* attorney-general of Oklahoma Territory, for the respondent.

*Per Curiam:* Ira N. Terrill was prosecuted in the territorial court of Oklahoma, found guilty of murder, and imprisoned in the Kansas state penitentiary. By a proceeding in habeas corpus he was released upon the ground that he was tried and convicted when the court was without authority to sit, and that the judgment was therefore absolutely void. (*In re Terrill, Petitioner,* 52 Kan. 29, 34 Pac. 459.) He was then remanded to the authorities of Oklahoma for further proceedings, and on another trial he was convicted of manslaughter and sentenced to imprisonment in the Kansas state penitentiary for a term of twelve years. No appeal from that judgment was taken, but he again asks to be released on a writ of habeas corpus upon the ground that the offense for which he was con-

victed was committed on a reservation, and that he could not be prosecuted therefor in any other than a court of the United States.

The place of the commission of the crime was a matter for the consideration of the court trying him. It was not clearly shown by the evidence in this proceeding that the offense was committed on a reservation. An attempt was made to show that the offense was committed upon the "government acre," which was reserved from settlement and sale by executive order when the lands in Oklahoma were opened for settlement. It seems that the government retained the ownership of this acre and erected a land office thereon, but our attention is not called to any act of congress or to anything reserving exclusive jurisdiction to the courts of the United States, or excepting this reservation from the operation of the territorial laws and the jurisdiction of the territorial courts.

Another ground asserted is that by the former proceeding he had been placed in jeopardy, and could not again be prosecuted, but this question, as well as that relating to the change of venue of which he complains, can not be considered in habeas corpus. If errors were committed in these respects they must be corrected upon appeal, and as no appeal was taken the judgment of the court became final.

The petitioner will be remanded.