*In re* FLOYD MANNING, *Petitioner.*

No. 16,307.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Club-rooms—Statute Not Repealed by Implication.* The "club-room section" of the prohibitory law (Gen. Stat. 1901, § 2466), forbidding the keeping of a place for the sale of intoxicating liquors to the members of a club, was not repealed by implication by the act of 1901 relating to the maintenance of a place where intoxicating liquors are sold in violation of law, which was held to cover the whole of the subject-matter of the original "nuisance section" and therefore to have superseded it.

Original proceeding in *habeas corpus.* Opinion filed April 10, 1909. Petitioner remanded.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Frank T. Knitle,* county attorney, for The State.

*George D. Abel,* and *David Ritchie,* for the petitioner.

The opinion of the court was delivered by

MASON, J.: By a writ of *habeas corpus* Floyd Manning seeks his discharge from custody upon the ground that it is based upon a statute which is no longer in force. He was convicted under what is known as the "club-room section" of the original prohibitory law

(Laws 1881, ch. 128, § 16), which has never been expressly amended or repealed, and which reads as follows:

"Every person who shall, directly or indirectly, keep or maintain, by himself or by associating or combining with others, or who shall in any manner aid, assist or abet in keeping or maintaining any club-room or other place in which any intoxicating liquor is received or kept for the purpose of use, gift, barter or sale as a beverage, or for distribution or division among the members of any club or association by any means whatever, and every person who shall use, barter, sell or give away, or assist or abet another in bartering, selling or giving away any intoxicating liquors so received or kept, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months." (Gen. Stat. 1901, § 2466.)

What is called the "nuisance section" of the same act originally read as follows:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of any of the provisions of this act, or where intoxicating liquors are kept for sale, barter or use in violation of this act, are hereby declared to be common nuisances; and upon the judgment of any court having jurisdiction, finding such place to be a nuisance under this section, the sheriff, his deputy, or under-sheriff, or any constable of the proper county, or marshal of any city where the same is located, shall be directed to shut up and abate such place, and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than sixty days nor more than ninety days, or both by such fine and imprisonment."    (Laws 1881, ch. 128, § 13.)

In 1885 this section was amended by substituting the word "delivery" for "use" in the expression "kept for sale, barter or use," by requiring both fine and im-

prisonment to be imposed upon conviction, and by authorizing proceedings against the nuisance by injunction.   (Laws 1885, ch. 149, § 13.)

In 1887 it was again amended by providing for an attorney's fee in the injunction proceedings, and by adding to the attributes that should characterize a place as a nuisance this: "or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage."   (Laws 1887, ch. 165, § 4.)

In 1901 a new act was passed, not in terms amending any other, one section of which reads as follows:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense."   (Laws 1901, ch. 232, § 1; Gen. Stat. 1901, § 2493.)

In *The State v. Estep,* 66 Kan. 416, and *The State v. Express Co.,* 69 Kan. 848, the court held that this new nuisance section was intended as a substitute for the old one, and therefore superseded it entirely, thereby accomplishing its repeal by implication.   In support of this view it was pointed out that the two statutes were leveled against criminal acts "not widely different," the later law imposing a heavier penalty than the earlier.   It is now argued in behalf of the petitioner that by the same reasoning the law of 1901 must be deemed to have superseded and repealed the club-room section, since it prohibits acts "not widely different" from those there denounced, and assesses a heavier

*In re*-Manning.

punishment against them.  It is true that the offense defined by the club-room section is very similar to that against which the present nuisance section is directed—so similar as perhaps to be considered only a special manifestation of the general course of conduct there forbidden.  But these two sections bear precisely the same relationship to each other as existed between the club-room section and the original nuisance section, which was a part of the same act.  In 1881 the legislature saw enough difference in the quality of the acts involved to treat as separate offenses, though of equal gravity, the maintaining of a place where intoxicating liquors were indiscriminately sold in violation of law and the maintaining of one where they were kept for sale as a beverage to the members of a club.  In 1885 it saw fit by express amendment to increase the penalty attached to the former of these offenses, but this showed no intention to abolish the distinction between them.  In 1901 it enacted a new law assessing a yet graver punishment for an offense which was not only substantially similar to that described in the existing nuisance section but which was even defined in almost the same language.  By so doing, as the court held, it gave evidence of a purpose to cover the entire subject-matter of that section, but we see in this enactment no indication of any change in its policy of treating the maintenance of a drinking-club as a distinct method of violating the spirit of the prohibitory amendment, indictable and punishable as a separate offense.  The club-room section is therefore still in force.

The petitioner is remanded.