The State v. Schmidt.

No. 19,247.

THE STATE OF KANSAS, *Appellee,* V. ART SCHMIDT, *Appellant.*

SYLLABUS BY THE COURT.

1. PERSISTENT VIOLATION OF PROHIBITORY LAW — *Procedure — Sufficient Information.* The act of 1911 making persistent violation of the prohibitory law a felony, being supplemental legislation, the procedure authorized by the general intoxicating liquor law governs, and an information for persistent violation need not state the kind of liquor sold or the name of the person to whom sold.

2. SAME — *Plea of Former Conviction — Test — Identity of Offenses.* In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common.

3. SAME—*Certified Copy of Court Record Prima Facie Proof of Former Conviction.* Where the record of a previous conviction relied on to support a charge of persistent violation discloses that the conviction was for violation of the prohibitory liquor law the record is *prima facie* proof which warrants a finding of previous conviction without introducing the complaint or information on which it was based.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed May 9, 1914. Affirmed.

*S. A. Smith,* of Winfield, *Ed J. Fleming,* of Arkansas City, and *S. B. Amidon,* of Wichita, for the appellant.

*John S. Dawson,* attorney-general, and *O. P. Fuller,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted on the first, second, third and fifth counts of an information charging him with persistent violation of the prohibitory liquor law, and appeals.

The first count of the information charged a sale of intoxicating liquor in July, 1913, a former conviction in the district court on December 30, 1905, and former convictions before L. H. Webb, a justice of the peace, on July 7, 1904, December 8, 1904, and April 18, 1905. The verdict and judgment rest on proof of a sale in August, 1912, and proof of all former convictions.

The second count charged a sale in July, 1913, and a former conviction in the district court on December 30, 1905. The verdict and judgment rest on proof of a sale in October, 1912, and proof of the former conviction.

The third count charged a sale in July, 1913, and a former conviction in the district court on December 30, 1905. The verdict and judgment rest on proof of a sale in July, 1913, and proof of the former conviction.

The fifth count charged the keeping of a nuisance in 1913, and a former conviction in the district court on December 30, 1905. The verdict and judgment rest on proof relating in time to July, 1913, and proof of the former conviction.

The law under which the defendant was convicted took effect on May 22, 1911, and the information was filed in October, 1913.

A motion to quash the information was filed on the ground that the kind or kinds of liquor sold and the name or names of the persons to whom the sales were made should have been stated. The motion was overruled.

The information must be direct and certain regarding the offense charged. The general liquor law provides, however, that in all prosecutions under it, whether by indictment or otherwise, it shall not be necessary to state the kind of liquor sold or the name of the person to whom sold, and the persistent-violator act expressly provides that it shall be construed as supplemental to existing legislation. (Laws 1911, ch. 165, § 3.) It is clear, therefore, that the legislature intended that the procedure authorized by the general

law should be followed and not abrogated. The preliminary examination will give the defendant notice of the transactions furnishing the basis for the information, and the scope of the investigation at the trial will be limited accordingly.

In November, 1911, the defendant was prosecuted as a persistent violator of the prohibitory law, the former conviction charged being that of December 30, 1905. After a trial he was acquitted. This acquittal was interposed as a bar to further prosecution upon the present information. The plea was overruled.

The former prosecution related to acts committed in 1911, which, together with the conviction in 1905, it was alleged constituted the defendant a persistent violator. The present prosecution relates to acts committed subsequent to the former acquittal, which, together with the conviction in 1905, it is alleged constitute the defendant a persistent violator. The conviction in 1905 is the only element the two informations have in common. They relate to separate crimes. The issues are not identical. Neither offense includes the other offense. In each information an act which constitutes an indispensable element of the crime is necessary to conviction which is different from any act necessary to conviction under the other. All the evidence necessary to prove the first charge would not establish the second, and all the evidence necessary to prove the second charge would not establish the other. (*The State v. Patterson,* 66 Kan. 447, 452, 71 Pac. 860.) The doctrine of *res judicata* does not apply in criminal cases to particular facts in issue, as for example to the conviction in 1905, as it frequently does in civil cases. (2 Van Fleet, Former Adjudication, § 594.) In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not decisive that the two offenses may have some material fact in common.

"The two offenses are entirely distinct. One is not included in the other—is not a lesser degree of the other. The character of the testimony must be different in each. One fact, that is, 'shooting,' may be necessary for conviction under either charge. But something more is necessary in each, than the mere fact of shooting. . . . It was said by Lord Denman, in *Regina v. Button*, 11 Ad. & Ellis, New Series, 946, 'The same act may be part of several offenses. The same blow may be the subject of inquiry in consecutive charges of murder and robbery. The acquittal on the first charge is no bar to a second inquiry, where both are charges of felonies; neither ought it to be, when the one charge is of felony, and the other of misdemeanor.' " (*The State v. Horenman*, 16 Kan. 452, 454.)

The convictions before the justice of the peace referred to in the first count of the information were proved as alleged. In those cases the defendant pleaded guilty to violations of the club room section of the prohibitory law, and it is said that the convictions were invalid because that section of the law was repealed by a statute passed in 1901. This court has decided otherwise. (*In re Manning*, 80 Kan. 68, 101 Pac. 464.)

It is said that the proof of the various former convictions was insufficient because the complaints in the justice of the peace cases and the information in the district court case were not produced. The docket entries of the justice of the peace and the journal of the district court disclosed not simply convictions, but convictions for violations of the prohibitory law, and under section 2 of the act of 1911 those records were *prima facie* evidence of former convictions. The jury were properly instructed that they warranted a finding that the defendant was duly convicted of violations of the prohibitory law on the respective dates shown by such records.

When instructing the jury with reference to the matter of time the court stated that it would be sufficient if the evidence proved the offenses to have

been committed about the time claimed by the state, prior to the filing of the complaint and after May 22, 1911 (the date on which the act of 1911 took effect). Of course the state could not go further back than two years, except as to the fact of former conviction, but the inadvertent error was perfectly harmless because the proof was in fact confined to the proper period.

Some further criticisms of the proceedings are not deemed to be important, and an attack upon the act of 1911 is fully met by the decision in the case of *The State v. Adams,* 89 Kan. 674, 132 Pac. 171.

The judgment of the district court is affirmed.