No. 34,207

THE STATE OF KANSAS, *Appellee,* v. ELIJAH TOWNSEND, *Appellant.*

(95 P. 2d 328)

Opinion filed November 10, 1939.

*Elisha Scott,* of Topeka, for the appellant; *Elijah Townsend,* pro se.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Arthur J. Stanley, Jr.,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: On December 1, 1932, two bandits entered the furniture store of Louis Deutch in Kansas City. During the robbery Deutch was shot and killed. On November 9, 1937, the county attorney of Wyandotte county filed an information charging the appellant, Elijah Townsend, with the murder of Deutch. A trial was

had, and on November 8, 1937, the jury returned a verdict of guilty. Appellant filed a motion for a new trial, and on January 15, 1938, this motion was sustained. A second trial was had. On July 7, 1938, the jury returned a verdict of guilty. Appellant filed a motion for a new trial. On May 31, 1938, after argument, the motion for a new trial was overruled, and the court entered judgment that appellant be confined in the state penitentiary for life. The appeal is from this judgment.

No official transcript of the testimony and proceedings has been filed. Appellant has prepared and filed his own transcript, abstract and brief. The transcript consists of a narration of the statements and arguments of counsel and testimony of witnesses at the trial, as well as newspaper accounts of the tragedy. It contains a statement that "the following notes are of the actual proceedings in defendant's trial and were compiled by a competent stenographer." The abstract is based on this transcript.

In this state of the record it is obviously impossible to review the case. We have, however, studied with attention the purported transcript, and think it may not be improper to examine certain of the points urged by appellant.

Appellant contends that having been discharged on a preliminary hearing, such discharge was a bar to a subsequent preliminary hearing and trial. As the settled law of this state is otherwise, the point is without merit. (*State v. Jones,* 16 Kan. 608; *State v. Curtis,* 108 Kan. 537, 196 Pac. 445; *State v. Badders,* 141 Kan. 683, 42 P. 2d 943.)

In *State v. Jones,* supra, it was held that a preliminary examination does not put the accused in jeopardy within the meaning of section 10 of the bill of rights.

Appellant contends that as the previous verdict of guilty was set aside, he could not be again tried and convicted on the same charge. As above stated, after the verdict of guilty was returned by the jury on the first trial, appellant filed a motion for a new trial, which was sustained.

It is the rule in this state that when a new trial is granted on the motion of a defendant in a criminal prosecution, the order setting aside the verdict and granting a new trial places the defendant in the same position as if no trial had been had. (*State v. Hart,* 33 Kan. 218, 6 Pac. 288; *State v. Terreso,* 56 Kan. 126, 42 Pac. 354.)

The instructions set out in the counter abstract fully and clearly

cover all the elements of the offense charged; that the law throws around the defendant the presumption of innocence, and requires the state to prove every material fact; that every presumption of law was in favor of his innocence, and that his guilt must be proven beyond a reasonable doubt.

Appellant was found guilty by two juries, and the verdict returned at the last trial met the approval of the trial court.

The judgment of the trial court is affirmed.