No. 37,538

WALTER RICE, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(203 P. 2d 169)

Opinion filed March 5, 1949.

*Walter Rice* was on the briefs *pro se.*

*H. R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

The petitioner seeks his release from confinement in the state penitentiary to which he was committed pursuant to a sentence of life imprisonment by the district court of Cherokee county in 1922.

Most of the grounds of the instant petition for a writ are the same as those contained in a similar previous proceeding. Those grounds and the evidence adduced in support thereof were fully examined, considered and denied in *Rice v. Hudspeth,* 162 Kan. 596, 178 P. 2d 230. No new evidence in support of those grounds is now adduced and those particular grounds require no further attention.

In the instant proceedings it is further alleged:

(1) Petitioner was charged on an information of the county attorney and not by a grand jury indictment as required by the fifth and fourteenth amendments of the constitution of the United States.

(2) A false and fictitious information and journal entry were filed after petitioner's commitment to the penitentiary.

(3) Petitioner did not waive his right to counsel.

The first ground is not good. (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.)

What about the second and third grounds? The burden is, of course, on the petitioner to prove by a preponderance of the evidence the facts upon which he relies for his release. In determining whether a writ should issue we shall give the allegations of the petition the same force and effect as if they were made in open court on oral examination or as though they were contained in petitioner's deposition. (*Rice v. Hudspeth,* supra, p. 598.) An examination of the record discloses the petitioner has failed in the instant action to meet the burden of proof on both the second and third grounds. Touching the last two mentioned grounds see, also, *Rice v. Hudspeth,* supra.

The writ must be denied. It is so ordered.

ARN, J., not participating.