No. 37,604

Elijah Townsend, *Petitioner*, v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(205 P. 2d 483)

Opinion filed May 7, 1949.

*Elijah Townsend* was on the briefs *pro se.*

*H. R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

Wedell, J.: This is an original proceeding for a writ of habeas corpus.

The petitioner was convicted in the district court of Kansas City, Kan., of murder in the first degree of one Louis Deutch on July 7, 1938, after a verdict of guilty in the first trial had been set aside. He was sentenced to life imprisonment in the state penitentiary. From the judgment of conviction the petitioner appealed. The judgment was affirmed by this court November 10, 1939. (*State v. Townsend,* 150 Kan. 496, 95 P. 2d 328.) Long prior to the affirmance of the judgment petitioner on June 15, 1939, procured an affidavit of another prisoner in the penitentiary, Clarence Simpson, who was serving a fifteen-year sentence for larceny of an automobile.

The affiant, Simpson, in substance, states: He testified falsely against the petitioner in the trial of the criminal case which resulted in petitioner's conviction; he entered into a conspiracy with certain officers of the Kansas City police department to testify falsely concerning the petitioner; the police officers and the county attorney of Wyandotte county had promised him they would recommend to the state pardon and parole board that his sentence be commuted from fifteen years to a shorter term if he would turn state's evidence, they would file no charges against him and they would pay him for his testimony.

The affidavit, in substance, also alleges: The last mentioned officers told one Leroy Graham if he did not testify against the petitioner in the criminal case they would make it "hot" for him; the officers made it known (to whom it is not stated) they would "get" him, the affiant, and file charges against him as an habitual criminal; since the detectives had not kept their promise he was making this affidavit to clear his own conscience and for the purpose of preventing unjust punishment of the petitioner.

The petitioner was represented by able and experienced counsel in the criminal case and he makes no complaint he was not properly represented at each and every stage of the proceedings. It is true as petitioner states that he was tried twice on the same charge; that the first verdict was set aside and the second verdict was approved by the trial court.

The petitioner filed a previous application for a writ in this court on the same grounds. The application, by reason of a wholly insufficient record, was denied without formal opinion on August 7, 1947. It appears a similar application for a writ was filed in the district court of the United States for the district of Kansas in case No. 1262-H. C., which was denied on November 12, 1948. The official record of that proceeding is not before us and we pass it without further comment.

Petitioner claims he is being held in confinement in violation of the sixth and fourteenth amendments to the constitution of the United States. The grounds upon which he seeks his release are: He was convicted on perjured testimony; evidence was excluded at the trial pursuant to the state's objections; evidence beneficial to him was suppressed by the state.

Petitioner's brief concedes he had knowledge at the trial of the criminal action of all the grounds upon which he now seeks his release except the affidavit of Clarence Simpson, which is dated June 15, 1939. The date of the affidavit discloses he had knowledge of all information therein contained long prior to the affirmance of the judgment in the criminal case by this court on November 10, 1939. (State v. Townsend, supra.) None of it was brought to the attention of this court in any manner. Habeas corpus is not a substitute for a redress of alleged trial errors which may be corrected on appeal.

Petitioner claims that police officers in Kansas City, Kansas, had some reports concerning the identity, or lack of identity, of

the person, or persons, who committed the murder. If such reports existed there is no showing of an attempt by petitioner to obtain such records for the criminal trial by proper legal proceeding. Petitioner does not claim he was inadequately represented by counsel.

Moreover there is no evidence the attorneys who prosecuted the criminal action knew that the testimony of Clarence Simpson, or of any other witness who testified in the criminal case, was untrue unless the Simpson affidavit can be construed to mean that. It will be observed Simpson states the detectives, not the county attorney, failed to keep their promise. Whether Simpson is now telling the truth or was telling the truth at the trial is not exactly easy to determine. The jury and the trial court apparently believed he was truthful at the trial. In any event an affidavit of the respondent, signed by the county attorney to whom Simpson refers, convinces us the county attorney had no knowledge of the perjured testimony, if there was such, and that no testimony beneficial to petitioner was deliberately concealed in the criminal prosecution. There is no evidence that testimony beneficial to petitioner was knowingly suppressed by the officers in charge of the prosecution or that they knew any witness was testifying falsely. We have held that in the absence of a clear showing of such knowledge by the officers in charge of the prosecution a writ will not issue. (*Pyle v. Amrine*, 159 Kan. 458, 156 P. 2d 509.) A petition for a writ of certiorari was denied in the Pyle case. (*Pyle v. Amrine*, 326 U. S. 749, 90 L. Ed. 448, 66 S. Ct. 45.)

The petition for the writ is denied.