No. 38,345

Earl Scott, *Petitioner,* v. R. H. Hudspeth, Warden,
Kansas State Penitentiary, *Respondent.*

(232 P. 2d 464)

Opinion filed June 9, 1951.

*Earl Scott* was on the briefs *pro se.*

*Harold R. Fatzer,* attorney general, and *Willis H. McQueary,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

Wedell, J.: This is an original proceeding whereby petitioner seeks his release from the state penitentiary by petition for a writ of habeas corpus. He was convicted on two felony counts, the first being for felonious assault, under G. S. 1949, 21-431, and on the second count for second degree robbery of the person

assaulted, in violation of G. S. 1949, 21-528. Having previously been convicted of two felony charges, petitioner was sentenced to life imprisonment in the state penitentiary pursuant to provisions of our habitual criminal law, G. S. 1949, 21-107a.

Briefly stated, the grounds for release alleged in the petition are: 1. He did not receive a preliminary examination. 2. The journal entry of his preliminary examination was false. 3. False and perjured testimony was used in preparing the journal entry. 4. The warrant of arrest was erroneous. 5. He did not waive his preliminary examination. 6. He was held incommunicado, 168 hours after his arrest, and before arraignment. 7. The authorities conspired to defeat justice. 8. The journal entry in case 10,241 does not comply with G. S. 1949, 62-1516, and 9. G. S. 1949, 21-107a (the habitual criminal statute) is unconstitutional.

Respondent's answer contained a general denial of all averments of the petition not specifically admitted and set forth the amended information, the original journal entry of conviction, a subsequent journal entry corrected pursuant to a *nunc pro tunc* order and the commitment.

Petitioner previously filed five petitions for writs between February 3, 1948, and June 12, 1950. The first three of these were original proceedings in this court and the other two were filed in other courts. Those filed and denied in this court contained, among other grounds, the complaints now made pertaining to the warrant under which he was arrested, lack of a preliminary hearing and that he was held incommunicado prior to arraignment. These petitions were denied by this court without formal opinion. The instant petition contains nothing new on those grounds.

The journal entry touching his preliminary hearing on the two offenses for which he was last tried and convicted discloses petitioner waived his preliminary hearing. The journal entry of judgment in the district court discloses he was represented by two attorneys during the trial and on the motion for a new trial. At the trial petitioner made no complaint he had not received a preliminary hearing or that it was irregular in any respect. On the contrary he joined issues in the district court on the charges contained in the information by entering a plea of not guilty and thereafter proceeded with the trial without objections of any character concerning any previous court proceedings or conduct of officers in whose custody he had been held. He filed no plea in abatement. He

sought no continuance on the ground he or his attorneys were pre-
vented from investigating the facts, subpoenaing necessary witnesses
or that he was unprepared for trial by reason of any of the first
six grounds now alleged in his petition. Under these circumstances
he waived such complaints. (*State v. Perry*, 102 Kan. 896, 171 Pac.
1150; *State v. Wallgren*, 144 Kan. 10, 11, 58 P. 2d 74.)

Had petitioner properly raised these complaints in the district
court he could have presented them on appeal in the event of ad-
verse rulings. He failed to present them to the district court and
did not appeal. Habeas corpus, of course, is not a substitute for
redress of alleged trial errors which may be corrected on appeal.
(*Townsend v. Hudspeth*, 167 Kan. 366, 205 P. 2d 483.) It is, of
course, elementary that a petitioner is required to establish alleged
grounds for a writ by a preponderance of the evidence. (*Rice v.
Hudspeth*, 166 Kan. 662, 203 P. 2d 169.) This burden of proof
the petitioner has completely failed to meet with respect to com-
plaint No. 7.

The instant record fails to disclose any merit relative to complaint
No. 8. Respondent concedes the original journal entry of judgment
did not conform in all respects to the provisions of G. S. 1949, 62-
1516. He states, however, it was corrected by means of a *nunc pro
tunc* order to speak the truth and to comply with the statute. That
corrections in a journal entry may be made for that purpose and in
that manner has been indicated clearly by this court on various
occasions. A few of the cases are *Wilson v. Hudspeth*, 165 Kan. 666,
198 P. 2d 165; *Jamison v. Hudspeth*, 168 Kan. 565, 213 P. 2d 972.
The petitioner fails to disclose in what manner, if any, the judgment
under which he is now serving his sentence is invalid or irregular.

Petitioner's ninth ground cannot be sustained. The statute re-
peatedly has been held to be constitutional in *State v. Woodman*,
127 Kan. 166, 272 Pac. 132; *Levell v. Simpson*, 142 Kan. 892, 52
P. 2d 372; *Hutton v. Amrine*, 153 Kan. 436, 111 P. 2d 540, and in
numerous later decisions. The petitioner argues that although the
statute may not be unconstitutional in itself it is unconstitutional
by reason of the manner of its application. He argues no issues
were joined in the trial of the case concerning the commission of
other previous offenses. Manifestly, no such issues were joined by
the allegations of the information and the plea of not guilty. The
commission of previous offenses was no concern of the jury. It was
not concerned with the sentence to be pronounced but only with

323

his innocence or guilt of the charges for which he was then on trial. The matter of imposing a proper sentence rested solely in the province of the court. It was to the advantage and for the benefit of the petitioner that the jury was not informed of his previous convictions. The contention of the petitioner and the reasons for denying it were early set forth in *State v. Woodman,* supra, and need not be repeated here. See, also, *Levell v. Simpson,* supra.

The journal entry of judgment discloses that after the verdict of the jury had been rendered and before sentence was pronounced petitioner's attention was called to the evidence of the state touching his former convictions. In fact when petitioner thereafter was asked whether he had any legal cause to show why sentence should not be pronounced against him neither he nor his counsel asserted any reasons against a consideration of the previous felony conviction or to the imposition of sentence in harmony with the provisions of the habitual criminal law.

The writ must be denied. It is so ordered.