No. 39,584

WILLIAM STRONG, *Petitioner*, v. CHARLES A. EDMONDSON, Warden, Kansas State Penitentiary, *Respondent*.

(277 P. 2d 585)

Opinion filed December 11, 1954.

The petitioner was on the briefs *pro se*.

*Harold R. Fatzer*, attorney general, and *James L. Galle*, assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

The petition for the writ, in substance, alleges: Petitioner is being held illegally and restrained by respondent, Charles A. Edmondson, Warden of the Kansas State Penitentiary, without due process of law, in direct violation of the constitution of the United States, its amendments, and the constitution of the state of Kansas and the bill of rights; the district court of Doniphan county, in

which he was convicted and sentenced, was without jurisdiction for the reason venue was not established.

The prayer of the petition is for a new trial.

A certified copy of the journal entry of judgment and sentence, filed by respondent, in substance, recites:

Petitioner was convicted of the crime of rape under the provisions of G. S. 1949, 21-424 in Doniphan county on January 15, 1952; in the course of the trial petitioner filed a motion for his release on the ground venue had not been established in Doniphan county; the motion was argued, considered, and overruled; petitioner was represented by counsel; there were no objections to instructions to the jury; petitioner filed a motion for new trial, which was argued, considered and overruled, and petitioner was sentenced and committed to the state penitentiary for a term of not less than one nor more than twenty-one years.

The instant petition for a writ was filed in this court on June 4, 1954.

Respondent has moved for dismissal of the proceeding on the grounds petitioner did not perfect an appeal from the judgment of conviction and sentence; the time for such an appeal has expired; habeas corpus is not a proper proceeding to obtain a review of trial errors or to obtain a new trial in the criminal action. The motion must be sustained.

A proceeding in habeas corpus is not a substitute for a review of trial errors by appeal and does not serve the function of a motion for new trial. (*In re MacLean,* 147 Kan. 678, 78 P. 2d 855; *Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247; *Townsend v. Hudspeth,* 167 Kan. 366, 205 P. 2d 483.) The remedy for correction of errors committed by the district court in the course of a prosecution for crime is not by habeas corpus but by a motion for new trial, and if such motion is denied, by appeal. (*In re Bundy,* 144 Kan. 64, 58 P. 2d 80; *Townsend v. Hudspeth,* supra, p. 367.) A judgment of conviction bears a presumption of regularity and validity. (*Bissell v. Amrine,* 159 Kan 358, 364, 155 P. 2d 413; *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798, cert. denied, 345 U. S. 943, 97 L. ed. 1369, 73 S. Ct. 837.)

The burden of proof rests on the petitioner to establish the grounds alleged for his release by a clear and convincing pre-

ponderance of the evidence. (*Bissell v. Amrine, Miller v. Hudspeth, Current v. Hudspeth,* omnia supra.)

In passing we also may say the record in the instant proceeding contains no evidence whatsoever that the venue for the trial of the criminal action was improperly laid in Doniphan county.

The petition for the writ must be denied. It is so ordered.