No. 40,129

JACK DEHNER LEE, *Appellant,* v. ARTHUR HOFFMAN, Warden, Kansas State Penitentiary, *Appellee.*

(293 P. 2d 1010)

Opinion filed February 29, 1956.

· *Jack Dehner Lee,* appellant, was on the briefs *pro se.*

*Robert J. Roth,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Jack Dehner Lee commenced a proceeding in the district court of Leavenworth county for a writ of habeas corpus to procure his release from the state penitentiary. As the result of a trial in that court he was denied relief and has appealed to this court.

The record discloses that an information was filed in the district court of Sedgwick county charging that Jack D. Lee stole a camera and a set of Bausch and Lomb field glasses of the value of over $20. At his trial on May 16, 1955, defendant Lee was represented by counsel, and tried by a jury. Defendant rested his case on May 16th and the matter was continued until the following day. On the following day one of the jurors was sick and the cause was continued until May 24. On the last day the court instructed the jury, argument was had and the jury retired to deliberate upon its verdict and on the same day returned a verdict finding the defendant Lee

guilty and recommending leniency. The trial court ordered the jury polled and each of the jurors then affirmed the verdict which the trial court accepted. Defendant was given two days in which to file a motion for a new trial and he did file such a motion. On the hearing of the motion on May 27, 1955, a new trial was denied, and the trial court then inquired if defendant knew of any legal reason why sentence should not be pronounced. The defendant gave no legal reason and the trial court then sentenced the defendant to the state penitentiary for a period of not more than five years. Defendant orally applied for a parole, and the trial court after listening to evidence and argument, denied the application.

Although defendant had six months from the date of his sentence or until November 27, 1955, in which to appeal (G. S. 1949, 62-1724) he made no attempt to do so, but on September 20, 1955, commenced the present proceeding for a writ of habeas corpus in the Leavenworth county district court. On October 3, 1955, a hearing was had in that court as a result of which that court denied the writ.

In his motion for the writ the petitioner alleged the verdict against him was a "quotient" verdict; that the trial court abused its discretion in not allowing him to interrogate the jurors as to whether they had read any newspaper accounts of his trial during the one week recess; in allowing him only two days and not five days in which to file his motion for a new trial (but see G. S. 1949, 62-1723); that the verdict was not sustained by sufficient evidence and was contrary to law and that the trial court erred in giving its instructions and in refusing to give instructions requested.

We shall devote no time and space to any discussion of the above complaints. If there was error in any of the above matters, it occurred in the course of the prosecution, could have been and perhaps was set forth in the motion for a new trial, which is not included in the record before us, and when that motion was denied, the remedy was by appeal. A proceeding in habeas corpus is not a substitute for an appeal. See *Strong v. Edmondson,* 177 Kan. 247, 277 P. 2d 585, cert. denied, 349 U. S. 958, 99 L. Ed. 1281, 75 S. Ct. 888.

The judgment of the district court denying the writ of habeas corpus is affirmed.

HARVEY, C. J., not participating.