No. 40,940

L. J. Montgomery, *Appellant*, v. Tracy Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee*.

(325 P. 2d 69)

Opinion filed May 10, 1958.

*L. J. Montgomery, pro se.*

*Charles N. Henson, Jr.,* Assistant Attorney General, of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: Appellant is presently confined in the state penitentiary and appeals from an order of the district court of Leavenworth County, Kansas, denying his petition for a writ of habeas corpus and remanding him to the custody of the warden of that institution.

The appellant was arrested and tried by a jury in the district court of Butler County, Kansas, on a charge of commission of the crime of burglary and larceny in connection with the burglary, and sentenced to confinement in the state penitentiary for a term of not less than fifteen years for the burglary and not less than fifteen years for the larceny, the sentences to run concurrently. Following the overruling of his motion for a new trial, he appealed to this court which affirmed the judgment of conviction. (*State v. Montgomery,* 175 Kan. 176, 261 P. 2d 1009.) That opinion is incorporated herein by reference.

Appellant urged in the court below the state knowingly employed false records as evidence in the trial of his case. He does not indicate at what stage of the proceedings the allegedly false records were presented, except that they were presented "prior to a judgment being rendered upon the preferred charge of burglary second degree." Reference is also made in the "Statement of Facts" in his brief to "transcript pp. 145, 154, 155," presumably referring to the

·transcript of the trial in the district court of Butler County. If that transcript was offered in evidence during the hearing of the petition for a writ of habeas corpus in the court below it was not abstracted and presented to this court on appeal.

Certified copies of the journal entry of appellant's trial and conviction and of the order overruling his motion for a new trial were attached to respondent's answer and return. Those records indicate when appellant was sentenced by the district court of Butler County that court found from the records and other competent evidence introduced that appellant had been previously convicted of two felonies, the punishment of which called for a sentence to a penitentiary, and that by reason thereof appellant came within the provisions of the Habitual Criminal Act (G. S. 1949, 21-107a). Sentence was imposed upon him pursuant to its provisions.

An allegation that the prosecuting authorities obtained the conviction of an accused "by the presentation of testimony known to be perjured, and by the suppression of testimony favorable to him" *if proved*, justifies release from confinement on a writ of habeas corpus. (*Pyle v. Kansas*, 317 U. S. 213, 214, 87 L. ed. 214, 63 S. Ct. 177; *Mooney v. Holohan*, 294 U. S. 103, 79 L. ed. 791, 55 S. Ct. 340; *Alcorta v. Texas*, 355 U. S. 28, 2 L. ed. 2d 9, 78 S. Ct. 103.) However, the burden was upon the petitioner to prove by clear and convincing evidence the grounds upon which he relies for his release. The district court of Leavenworth County heard the testimony and found he failed to meet that burden. This court has held in a long line of cases that the unsupported statements of a petitioner in a habeas corpus proceeding do not meet the requirements of proof. (*May v. Hoffman*, 179 Kan. 149, 293 P. 2d 265, and cases cited p. 153.) Records of courts are not set aside upon the unsupported statements of a defeated litigant. (*Cochran v. Amrine*, 153 Kan. 777, 113 P. 2d 1048; *Wooner v. Amrine*, 154 Kan. 211, 117 P. 2d 608; *Engling v. Edmondson*, 175 Kan. 883, 267 P. 2d 487.) And neither is a proceeding in habeas corpus a substitute for appeal. (*Current v. Hudspeth*, 173 Kan. 694, 250 P. 2d 798, 345 U. S. 943, 97 L. ed. 1369, 73 S. Ct. 837.)

Under our decisions the fact petitioner was sentenced pursuant to the Habitual Criminal Act, although he was not charged under its provisions, does not make his sentence illegal or afford grounds for his release in a habeas corpus proceeding. (*Darling v. Hoffman*,

180 Kan. 137, 299 P. 2d 594.) Likewise, complaints respecting the sufficiency of evidence to sustain a conviction imposed under its provisions cannot be reached by habeas corpus in an independent proceeding, but can only be corrected in the trial court or by appeal. (*Darling v. Hoffman, supra.*)

Our examination of the record discloses the court below did not err in denying the petition for a writ of habeas corpus, and its judgment is affirmed.