No. 42,135

STATE OF KANSAS, *Appellee*, v. THOMAS J. SHORES, *Appellant*.

(357 P. 2d 798)

Opinion filed December 10, 1960.

Appellant was on the briefs *pro se.*

*Wesley M. Norwood,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Ralph M. King, Jr.,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: From appellant's record on this appeal there is doubt as to the nature of the proceeding in the court below, but the following facts are known or appear in the record.

On June 8, 1956, appellant was sentenced to the penitentiary on one count of forgery in the second degree and also on a count for uttering and passing a forged instrument all in accord with law. The sentences were to run consecutively. Some two years and five months after the above judgment, and after the appellant had been incarcerated in the penitentiary, he attempted to appeal to this court from the conviction and demanded a free transcript of the record of his jury trial resulting in that conviction. Because his appeal was long past the statutory time in which an appeal may be filed, it was held that he had no right to an appeal or to a transcript of the trial at the expense of the county. All this is set out in detail in *State v. Shores*, 185 Kan. 586, 345 P. 2d 686.

Sometime in March, 1960, the appellant filed in the district court of Douglas county a paper entitled "Affidavit of Poverty and Motion for Transcript." This paper briefly states that appellant wishes to file a habeas corpus proceeding apparently to "review" the judgment referred to above. The most important paragraphs of the instrument read as follows:

"Defendant further alleges and avers that Kansas recognizes Habeas Corpus as a remedy to confinement resulting from a conviction which was obtained in violation of Constitutional provisions; that the right to Habeas Corpus is guaranteed to all persons in Kansas but as a result of his poverty, Defendant is unable to adequately exercise this right, unless he is furnished said Transcript; that to deny this Defendant said Transcript, *and thus the adequate review* of Habeas Corpus afforded persons who can afford the expense of a Transcript is a violation of his right to equal protection of the laws guaranteed by the fourteenth Amendment to the Constitution of the United States.

"In *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed., and *Eskridge v. Washington State Board,* 357 U. S. 214, 2 L. Ed., the U. S. Supreme Court held that all persons must be granted *adequate and equal opportunity of review, and that to deny such review to indigent persons* is a violation of the Equal Protection Clause to the fourteenth Amendment." (Italics supplied.)

Thus it would appear that appellant is still proceeding in the original criminal case in Douglas county and still asking for a free transcript to obtain a review of the judgment of 1956. Appellant cannot be blamed for his inadequate understanding of the law, and for the belief that habeas corpus will be a substitute for the right of appeal which has long since been barred by lapse of time. That habeas corpus is not a substitute for an appeal is elementary. Some of the Kansas cases holding that habeas corpus may not be substituted for an appeal are as follows: *In re Chapman, Petitioner,* 4 Kan. App. 49, 55, 46 Pac. 1014, *In re Luttgerding,* 83 Kan. 205, 210, 110 Pac. 95; *In re Terrill,* 90 Kan. 138, 49 Pac. 158; *James v. Amrine,* 157 Kan. 397, Syl. ¶ 1, 140 P. 2d 362; *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464; *Martin v. Edmondson,* 176 Kan. 374, 270 P. 2d 791; *Strong v. Edmondson,* 177 Kan. 247, 277 P. 2d 585, cert. den. 349 U. S. 958, 99 L. Ed. 1281, 75 S. Ct. 888; *Hall v. Edmondson,* 177 Kan. 404, 279 P. 2d 290; *Hartman v. Edmondson,* 178 Kan. 164, 283 P. 2d 397; *Richardson v. Edmondson,* 179 Kan. 62, 292 P. 2d 705; *Lee v. Hoffman,* 179 Kan. 303, 293 P. 2d 1010; *Davis v. Rhyne,* 181 Kan. 443, 312 P. 2d 626; *Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009; *Barrett v. Hand,* 181 Kan. 916, 317 P. 2d 412; *Stebens v. Hand,* 182 Kan. 304, 320 P. 2d 790; *Uhock v. Hand,* 182 Kan. 419, 320 P. 2d 794; *Montgomery v. Hand,* 183 Kan. 118, 325 P. 2d 69.

Of course, the appellant's motion for a transcript was overruled in the court below, and he is here again on appeal at the expense of the state from the denial of a free transcript for his proposed habeas corpus proceeding.

It must be very evident from the above cited authorities, that the order denying appellant's application for the transcript was correct. We do not understand why the appellant would need a transcript of the record of the trial to enable him to file a proceeding in habeas corpus, and, we might add, the journal entry of judgment of appellant's conviction appears regular in every respect and shows that appellant was represented by competent counsel at every stage of the trial and up to and including the motion for new trial and the pronouncement of the sentence. It cannot be thought that G. S. 1959 Supp., 62-1304, provides for a free transcript for the purpose of filing a habeas corpus proceeding. The statute is limited to an appeal. The appellant has no right of appeal.

We are quite familiar with the cases of *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585; and *Eskridge v. Washington Prison Bd.*, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061. Those cases do not require that a person apparently legally confined in a state penitentiary according to law, be given a free transcript to enable him to bring a habeas corpus proceeding to "review" his conviction.

There is nothing in this appeal. The order of the trial court appealed from should be affirmed. It is so ordered.