No. 42,971

CLARENCE VINCENT ROSE, *Petitioner,* v. TRACY A. HAND, Warden of the Kansas State Penitentiary, *Respondent.*

(373 P. 2d 187)

Opinion filed July 7, 1962.

*Clarence Vincent Rose,* pro se.

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, C. J.: After he had been granted permission to proceed as an indigent person Clarence Vincent Rose, an inmate of the state penitentiary, commenced this habeas corpus proceeding in this court by filing a petition, charging in substance that he is illegally deprived of his liberty by the respondent warden and entitled to a writ directing his release from the penitentiary because of the trial court's action in denying him a free transcript of the record necessary and required for purposes of perfecting an appeal from his judgment and sentence.

Although the record discloses they are beyond dispute, certain salient facts are essential to a proper understanding of the single issue involved. Therefore they will be stated as briefly as the state of the record permits.

On October 1, 1959, while represented by competent counsel of his own choosing, and having been theretofore properly charged in the district court of Butler County by information with the commission of the crimes of burglary, in the nighttime, and larceny, petitioner entered a voluntary plea of guilty to both offenses and was then properly sentenced by the district court to serve such sentences consecutively in the Kansas State Industrial Reformatory. On the same day the district court granted petitioner's application for a parole, subject to conditions imposed by the statute, and permitted him to go at large.

On January 3, 1961, on application of the State showing violations of his parole, petitioner was brought before the district court and after a full and complete hearing, establishing violations of the parole in this state and elsewhere, that tribunal revoked the parole and by proper order committed petitioner to the state reformatory to serve the sentences theretofore imposed against him.

At this point it is interesting to note, that on all dates hereinabove mentioned, petitioner was making no complaint with respect to his original sentence or to the revocation of his parole. This is fully demonstrated by his own verified application for the writ wherein he specifically states, that on October 8(sic), 1959, "he, on his own free will entered a plea of guilty," and adds in the same pleading that on January 3, 1961, "a hearing was held before the presiding Judge and after asking for the parole to be revoked the Judge granted his wish and the parole, . . . was terminated, . . . After which he was returned the same day to the Kansas State Reformatory." It also appears from the verified application that petitioner makes no complaint regarding his present confinement in the state penitentiary instead of the state reformatory. Resort to such pleading discloses the following statement: "The above petitioner requested that he be transferred from the state reformatory to the present place of confinement, that being the Kansas State Penitentiary."

On November 7, 1961, more than two years after rendition of his judgment and sentence, and more than nineteen months after his time to perfect an appeal therefrom had expired under the terms of our statute (G. S. 1949, 62-1724) providing that a defendant may appeal at any time within six months from the date of the sentence imposed against him, and without ever having attempted to perfect an appeal from the judgment and sentence prior to such date, petitioner filed a motion in the office of the clerk of the district court of Butler County asking the district court to make an order directing that he be furnished a free transcript of the record in his case as an indigent person. In the motion he alleged in substance that the order was required under the provisions of G. S. 1959 Supp., 62-1304b, now G. S. 1961 Supp., 62-1304b, inasmuch as the transcript was necessary in order to enable him to take an appeal from the judgment and sentence. This motion was taken under consideration and denied by the district court on December 5, 1961, upon the

obvious premise, disclosed by the record, that since petitioner had made no attempt to appeal from the judgment and sentence, within the time prescribed by 62-1724, *supra*, this court, under its long established decisions (see cases cited at pages 587 and 588 of *State v. Shores*, infra), no longer had jurisdiction to entertain an appeal from such judgment and sentence; hence to furnish petitioner a free transcript for the purpose of appealing from the judgment and sentence would serve no useful purpose and therefore was not required by the provisions of 1304b, *supra*.

What has been heretofore stated makes it apparent the sole question before us in this case is whether, under the controlling facts and circumstances, petitioner's constitutional rights were infringed upon by reason of having been denied a free transcript at the expense of the county for the purpose of taking an appeal from a judgment and sentence from which he had made no attempt to appeal until long after expiration of the time fixed by statute (62-1724, *supra*) for the taking of appeals in criminal cases.

The question thus presented is not new to this court. It was determined in the comparatively recent case of *State v. Shores*, 185 Kan. 586, 345 P. 2d 686, under facts, conditions and circumstances so similar that case must be regarded as controlling our decision in the case at bar. Therefore we make the opinion in *State v. Shores*, supra, a part of this opinion, as fully and completely as if such opinion was set forth at length herein, and, based on what is there stated and held, conclude the action of the district court in denying petitioner a free transcript, under the facts, conditions and circumstances here involved, did not result in any violation of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States or our own state constitution and affords no sound ground for the issuance of a writ directing respondent to release petitioner from custody.

The writ is denied.