No. 42,759

STATE OF KANSAS, *Appellee*, v. LANGDON WOODS CHANCE, *Appellant*.

(378 P. 2d 11)

Opinion filed January 26, 1963.

*Langdon Woods Chance*, appellant, was on the briefs *pro se*.

*Robert E. Hoffman*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, of Topeka, and *Leighton A. Fossey*, of Mound City, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: On July 14, 1958, in the presence of his court appointed counsel, the defendant entered a plea of guilty to the crimes of burglary in the second degree and attempted grand larceny. The district court found him guilty of the crimes charged, and announced that sentence would be imposed on July 23, 1958.

On July 23, 1958, the defendant appeared for sentence with his attorney, and upon inquiry by the court whether he had any legal reason why judgment and sentence should not be pronounced, the defendant stated he desired to withdraw his plea of guilty. After hearing the argument of the defendant, the district court denied the request. Evidence of two previous felony convictions was introduced without objection, and sentence was imposed upon the defendant as an habitual criminal pursuant to G. S. 1949, 21-107a.

On December 18, 1958, the defendant filed a motion "for complete records of trial in forma pauperis," in which he requested a

transcript of the proceedings had at his trial in the district court, and he referred to and quoted from G. S. 1957 Supp., 62-1304. On December 19, 1958, he filed a notice of appeal with the clerk of the district court that "he intends to, has and does appeal to the Kansas State Supreme Court from the decision & judgment of the Linn County District Court." There is nothing in the record to indicate that a copy of the notice of appeal was served on the county attorney of Linn County and no proof of service was filed with the clerk of the district court.

On January 8, 1959, the court found that since the defendant had entered a voluntary plea of guilty, it appeared to the court "that there is no merit to this attempted appeal and that the same is purely vexatious," and denied the defendant's request for a transcript of the proceedings of his trial at the expense of Linn County.

The proceedings out of which this appeal arises was commenced during July, 1961, by the defendant filing a motion for a transcript of the proceedings of his trial pursuant to G. S. 1961 Supp., 62-1304, to be used for "a legal review by Habeas Corpus into the Supreme Court of the sovereign State of Kansas." On July 10, 1961, the district court denied the motion upon the ground that the defendant intended to use the transcript for the purpose of instituting a habeas corpus action in the supreme court. Thereafter, and on July 21, 1961, the defendant filed his notice of appeal with the clerk of the district court that he appealed from the order of July 10, 1961, service of which was made upon the county attorney and proof thereof filed pursuant to G. S. 1949, 62-1724.

The defendant contends that the district court erred in refusing to furnish him with a transcript of the proceedings of his trial for use in a habeas corpus proceeding to be filed in this court. The point is not well taken. In *State v. Shores*, 187 Kan. 492, 357 P. 2d 798, a similar question was presented, and the court said:

". . . We do not understand why the appellant would need a transcript of the record of the trial to enable him to file a proceeding in habeas corpus, and, we might add, the journal entry of judgment of appellant's conviction appears regular in every respect and shows that appellant was represented by competent counsel at every stage of the trial and up to and including the motion for new trial and the pronouncement of the sentence. It cannot be thought that G. S. 1959 Supp., 62-1304, provides for a free transcript for the purpose of filing a habeas corpus proceeding. The statute is limited to an appeal. . . .

"We are quite familiar with the cases of *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585; and *Eskridge v. Washington Prison Bd.*, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061. Those cases do not require that

a person apparently legally confined in a state penitentiary according to law, be given a free transcript to enable him to bring a habeas corpus proceeding to 'review' his conviction." (l. c. 494.)

The defendant has injected into this appeal his complaint of the district court's denial on January 8, 1959, of his motion for a transcript and complete trial records, and contends he was denied the right to an appeal from his conviction and sentence. The record does not support the contention. As we have seen, the defendant's notice of appeal of December 19, 1958, was timely filed, but there was no service upon the county attorney nor proof of service filed with the clerk of the district court, hence the notice was insufficient to perfect his appeal to this court (G. S. 1949, 62-1724; *Cochran v. Amrine,* 155 Kan. 777, 779, 130 P. 2d 605; *State v. Sims,* 184 Kan. 587, 588, 337 P. 2d 704; *State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; *State v. Combs,* 186 Kan. 247, 350 P. 2d 129; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945). That being the case, the district court was not required to order the county to furnish the defendant a transcript of the proceedings of his trial (*State v. Shores,* supra; *Rose v. Hand,* 190 Kan. 236, 238, 373 P. 2d 187).

Since G. S. 1961 Supp., 62-1304, is only applicable to a direct appeal from a conviction of felony, the district court did not err in denying the defendant's motion for a transcript to enable him to file a habeas corpus proceeding in this court.

The judgment is affirmed.