No. 44,177

STATE OF KANSAS, *Appellee*, v. JAMES R. SALYER, *Appellant.*

(410 P. 2d 248)

Opinion filed January 22, 1966.

*Albert S. Teed,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Richard J. Rome,* County Attorney, argued the cause, and *Raymond F. Berkley* and *Lane H. Cronhardt,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action in which the appellant challenges the validity of the sentence imposed upon him pursuant to Chapter 219, Section 3, Laws of 1963 (now K. S. A. 21-555a).

The questions presented concern the procedure to be followed in prosecutions under 21-555a, *supra,* and the constitutional validity of the section.

The facts giving rise to this controversy are not in dispute.

On the 28th day of July, 1964, the appellant was charged in the city court of Hutchinson, Kansas, with the issuance of a no account check dated July 16, 1964, to Mammel's Food Stores in the amount of $34.77 in violation of K. S. A. 21-554.

On the 29th day of July, 1964, the appellant appeared before the judge of the city court of Hutchinson with his retained attorney and was arraigned on the charge. He entered a plea of not guilty and a bond in the amount of $250 was set. His trial was set for the 3rd day of August, 1964, and he was held in the custody of the sheriff for failure to post bond.

On the 5th day of August, 1964, the matter was continued to the 19th day of August, when upon motion of the county attorney of Reno County the matter was dismissed without prejudice. The appellant, however, remained in the custody of the sheriff of Reno County, Kansas.

On the 20th day of August, 1964, an information was filed in the district court of Reno County, Kansas, in which the state charged the appellant with issuing a no account check in the amount of $34.77 (the same check previously described in the complaint filed in the city court of Hutchinson) "contrary to Chapter 219 of the 1963 Kansas Session Laws." It is readily apparent from the information that an offense constituting *a misdemeanor* is charged in the information under the provisions of K. S. A. 21-554 and 21-555.

On the 23rd day of August, 1964, a written notice was served upon the appellant and his attorney by the state informing them of the state's intention to introduce evidence of two previous convictions of the appellant for issuing insufficient fund checks in the years 1963 and 1964. The notice recited that it was given pursuant to the "authority of Chapter 219 of the 1963 Session Laws of Kansas, Section 3, Page 374."

On the 27th day of October, 1964, the appellant appeared before the district court with his retained attorney and waived a trial by jury. Upon being arraigned the appellant entered a plea of guilty to the charge. The state then introduced evidence of two prior

insufficient fund check convictions, which occurred within a period of two years immediately preceding the commission of the offense for which he was on trial, both of said convictions being misdemeanors.

The district court thereupon sentenced the appellant to the *Kansas State Penitentiary for a term of one to five years,* and he is presently confined in the State Penitentiary at Lansing, Kansas.

On the 28th day of December, 1964, notice of appeal was duly filed, and on the following day the district court appointed an attorney to represent the appellant on his appeal.

The statutes with which we are here concerned are relatively new, having been enacted by the state legislature in 1963. (L. 1963, ch. 219.) This chapter is divided into eight sections, the first six now appearing as K. S. A. 21-554, 21-555, 21-555a, 21-555b, 21-555c and 21-555d.

The new act makes no provision for the abatement of a check once prosecution has commenced. It does, however, give a person who has written a bad check, of the insufficient fund nature, an opportunity to pay the holder thereof the amount due within seven days after notice has been mailed to him, in accordance with the provisions of 21-555b, *supra.*

If an insufficient or no fund check, order or draft is given in violation of the provisions of 21-554, *supra,* it is made a misdemeanor if such check or draft is drawn for less than $50, and a felony if drawn for an amount over $50, under the provisions of 21-555, *supra.*

The provisions of 21-555a, *supra,* here under attack, read:

"Every person convicted a third time of a violation of this act, the two preceding convictions having occurred within a period of two years immediately preceding the commission of the third offense, where the amount of the check, draft or order is less than fifty dollars ($50) shall upon conviction be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500) or *imprisonment in the state penitentiary for a period of not less than one (1) year nor more than five (5) years* or by both such fine and imprisonment. In order for the state to introduce evidence of prior convictions in accordance with this section, written notice shall be served on the defendant or his attorney of record at least three (3) days prior to the date of sentencing." (Emphasis added.)

By this section of the act an offense, which would ordinarily constitute a misdemeanor, is made a felony by virtue of K. S. A. 62-104, which defines a felony as follows:

"A felony is an offense punishable by death or *confinement* and hard labor *in the penitentiary*." (Emphasis added.)

Misdemeanors in K. S. A. 62-105 are defined as:

"All other public offenses are misdemeanors."

It should be noted that each of the appellant's prior convictions, one on October 4, 1963, for issuing an insufficient fund check contrary to G. S. 1949, 21-554 in the sum of $30.72, and the other on the 6th day of July, 1964, for issuing an insufficient fund check contrary to G. S. 1949, 21-554 in the sum of $5.34, were misdemeanor convictions.

It is important to note the appellant in the instant case is charged in the information with *a misdemeanor*.

Thus, we have a situation where the appellant was charged in the information with a misdemeanor and sentenced for a felony.

Where a felony is charged the defendant in a criminal action is entitled to a preliminary examination pursuant to the provisions of K. S. A. 62-805, which read in part:

"No information shall be filed against any person for any felony until such person shall have had a preliminary examination therefor as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: . . ."

It is clear on the facts in the instant case the appellant at no time was given a preliminary examination. The misdemeanor charge previously filed in the city court of Hutchinson was dismissed by the state prior to any hearing whatever on that charge.

The appellant complains that he had no preliminary hearing on the information filed in this case. Conceivably, the fact that the appellant entered a plea of guilty may be construed as a waiver of his right to a preliminary examination under the statute, but it is unnecessary in the instant action to delve into this point.

Here an attempt was made by the prosecutor for the state to follow 21-555a, *supra*, in drafting the information and giving the specified notice, but the information merely alleged an offense which constituted a misdemeanor under the act.

The dismissal of the misdemeanor charge in the city court, and the refiling of the charge in the district court by an information, did not change the complexion of the offense charged from a misdemeanor to that of a felony. If the state intended to charge the appellant with a felony for issuing the no account check in question as authorized under the provisions of 21-555a, *supra*, it was neces-

sary that it allege a felony in the information in accordance with the terms of 21-555a, *supra*. In other words, it was necessary for the information to specifically set forth that the appellant had two previous misdemeanor convictions for violating the act, and that both of them occurred within a period of two years immediately preceding the commission of the offense charged. It was further necessary to allege that the appellant *feloniously* committed the offense, as in other felony informations.

Obviously, where an information properly charges *a felony* under the provisions of 21-555a, *supra*, notice, that the state intends to introduce evidence of two prior convictions in accordance with this section, will of necessity be given to the accused when the warrant is served upon him.

Therefore, the provision requiring notice to be served on the defendant in 21-555a, *supra*, is surplusage, where the warrant is served on the defendant at least three days prior to the date of sentencing.

The validity of a statute which authorizes an enhanced penalty by reason of prior convictions has long been recognized. The theory is not repugnant to or in violation of the due process clause of the United States Constitution. (See, *Graham v. West Virginia*, 224 U. S. 616, 56 L. Ed. 917, 32 S. Ct. 583; and 25 Am. Jur., Habitual Criminals, § 3, p. 261, *et seq.*) A similar statute is K. S. A. 21-107a, commonly known as the habitual criminal statute. The validity of 21-107a has been upheld in many of our decisions. (*Browning v. Hand*, 184 Kan. 365, 336 P. 2d 409, cert. den. 361 U. S. 926, 4 L. Ed. 2d 240, 80 S. Ct. 295; *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911; and *Scott v. Hudspeth*, 171 Kan. 320, 232 P. 2d 464.)

A statute similar to 21-555a, *supra*, is found in G. S. 1935, 21-2146 (repealed in 1949) pertaining to persistent violators of the prohibitory liquor law. The statute there provided a penalty for persistent violators and made it a separate and distinct felony. (See, *State v. Schmidt*, 92 Kan. 457, 140 Pac. 843.)

The basic requirements of due process of law, when such a statute is to be invoked, are reasonable notice, and an opportunity for a full and complete hearing, with the right to the aid of competent counsel. (See, *Chandler v. Fretag*, 348 U. S. 3, 99 L. Ed. 4, 75 S. Ct. 1; and *Powell v. Alabama*, 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527.)

We hold the trial court erred when it sentenced the appellant to the State Penitentiary upon an information charging the appellant with having committed only a misdemeanor.

Inasmuch as the appellant has served time in the State Penitentiary upon the charge set forth in the information, he has been placed in jeopardy, and cannot again be tried for the same offense. Therefore, the judgment of the lower court is reversed with directions to vacate the sentence and discharge the appellant.